Cook and another, Appellants, vs. The City of Menasha and another, imp., Respondents.

*April 4 — April 25, 1899.*

(1) *Choses in action: Partial assignment: Liability of debtor.* (2) *New parties.*

1. A contractor who had entered into a contract to do certain paving for a city at seventy-eight and one-half cents per square yard and also to do the filling and curbing at fixed prices, gave materialmen an order requesting the city to pay them fifty cents per square yard for all material furnished by them and used in said paving, and providing that if for any reason the materialmen failed to deliver the material as mentioned in their contract with the contractor, such order should be void, except for materials delivered and money due the materialmen. *Held,* that such order did not amount to an assignment of the whole of the contractor's claim against the city, and therefore, not having been assented to by the city, was not binding upon it.

2. In an action by the materialmen, in such a case, against the city to recover the amount due the former from the contractor, the plaintiffs are *held* not to have been aggrieved by bringing in as a party either the contractor or the *bona fide* purchaser of an order given him by the city.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Webster & Classon,* and oral argument by *W. H. Webster.*

For the respondents there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

CASSODAY, C. J. On October 20, 1893, the defendant Martin entered into an agreement with the defendant city whereby Martin agreed, in writing, to furnish all materials and implements, and perform all the labor and do the paving upon the several streets therein named for seventy-eight and one-half cents per square yard, and to do the grading therefor for nineteen cents per cubic yard, and to furnish materials and do the curbing therefor for thirty-two cents per lineal foot, according to the plans and specifications for such work on file in the office of the city clerk of *Menasha,* and the same was to be paid for by the city, on the completion of the work to the satisfaction of the common council, by orders duly issued by the mayor and city clerk by direction of the common council, and each order payable July 15, 1894; that Martin should furnish a good and satisfactory bond in the sum of $1,500 for the performance and completion of such work, to be approved by the mayor and common council. On November 2, 1893, the defendant Martin entered into an agreement with the plaintiffs whereby they agreed, in writing, to furnish and deliver the necessary lumber and cedar posts for blocks according to such plans and specifications so on file, to be used in paving the streets mentioned in the contract between the city and Martin, to be delivered on or before November 15, 1893, and Martin agreed therein to pay the plaintiffs therefor fifty cents per square yard for material delivered, and the plaintiffs were to accept for payment of the same a city order of *Menasha,* payable on or before July 15, 1894, to be secured and paid

by an order given by Martin on *Menasha*, payable to the plaintiffs, and delivered to them by *Menasha*, and payable on or before July 15, 1894,— such order to be so delivered as soon as Martin was entitled to the same from the city. On November 2, 1893, the plaintiffs and Martin signed a paper requesting the city to pay to the plaintiffs fifty cents per square yard in payment for all materials furnished to Martin by them in accordance with such contract, and used in paving its streets under Martin's contract with the city, and, among other things, providing that if, for any reason, the plaintiffs failed to deliver the materials as mentioned in that contract, such order should be void, except for materials delivered and moneys due the plaintiffs, otherwise of full force. The plaintiffs caused such agreement between them and Martin, and such order, to be filed with the city clerk November 2, 1893, and informed such clerk of its character and that it contained such order, and directed such clerk to lay the same before the common council. The mayor was informed before any payments were made to Martin that the plaintiffs had such order from Martin on the city. The city paid Martin in full for what was coming to him, December 19, 1893, by delivering to him a city order, dated on that day, for $1,973.79. There became due to the plaintiffs from Martin, for the materials furnished him by them under their contract, $3,056.50. Martin paid as freight on the materials so furnished, $602.28. The interest on the balance of $2,454.22, after deducting such freight, from December 1, 1893, to November 19, 1897, was $681.24. On January 2, 1894, the plaintiffs presented their claim to the common council for such balance and interest, and in the latter part of March, 1894, the same was disallowed by the common council. On May 2, 1894, the plaintiffs appealed therefrom to the circuit court. December 18, 1895, the court ordered Martin and the *South Side Exchange Bank* to be made parties defendant. Formal pleadings were thereupon ordered

to be filed, and were filed, and the cause was tried by the court and a jury.

At the close of the trial the jury found the facts as stated, and also found that the defendant bank was a purchaser in good faith, for an adequate consideration, of the order for $1,973.79, dated December 19, 1893, a few days after its issue to Martin, as final payment upon his contract with *Menasha.* Such findings of the jury were confirmed by findings of the court. And as conclusions of law the court found, in effect, that the plaintiffs had no claim against the city, and were not entitled to recover in this action, but that the defendant city and bank were entitled to judgment for costs and disbursements against the plaintiffs.

From the judgment entered thereon accordingly, the plaintiffs bring this appeal.

We assume, for the purposes of this case, that the court had jurisdiction by virtue of the appeal taken by the plaintiffs from the disallowance by the common council. Martin, being liable to the plaintiffs upon his contract, allowed the case to go by default, as to him. The plaintiffs were certainly not aggrieved by the making of Martin a party defendant. Stats. 1898, sec. 3048; *Bragg v. Blewett,* 99 Wis. 355, 356, and cases there cited. The plaintiffs obviously had no right of action against the bank, unless it had a right of action against the city. The contract of the city was with Martin, and not with the plaintiffs. The contention that Martin's order to the plaintiffs upon the city was the assignment of the whole of his contract with the city to the plaintiffs is without any foundation in fact. That order was only for fifty cents per square yard of the pavement. It contained provisions to which the city never assented. This court has just held that " an assignment by a creditor of a portion of his claim is not binding on the debtor, unless he assents to such severance of his liability." *Skobis v. Ferge,* 102 Wis. 122. The reasons there given by Mr. Justice DODGE for such

ruling sufficiently dispose of this case, so far as the city is concerned. The bank stands in the same position as the city. The plaintiffs were in no way prejudiced by the bank being made a defendant, and its presence might have been deemed essential to protect the city.

*By the Court.*— That portion of the judgment of the circuit court appealed from is affirmed.