NATHAN REISLER, Respondent, v. LOUIS S. COHEN et al.,
Appellants.

(Supreme Court, Appellate Term, March, 1910.)

Assignments — Property or rights assignable — Contracts and interests
in contracts.
Contracts — Performance of contracts — Particular acts constituting
breach — In general.

> Where a building contract provides that the contractor shall
> not assign or transfer his interest therein or any right there-
> under without the written consent of the owner of the premises,
> it is a defense to an action by an assignee of the contract to
> recover on an order drawn by the contractor upon the owner that
> the assignment was made without the latter's consent.

APPEAL by the defendants from a judgment in favor of the
plaintiff, rendered in the Municipal Court of the city of New
York, second district, borough of Manhattan.

Goetz & Goetz (Maurice B. Rich, of counsel), for appel-
lants.

Joseph Wilkenfeld, for respondent.

PER CURIAM. The action was brought by plaintiff to re-
cover the amount of an order drawn by one Max Cohn, a con-
tractor, on Cohen & Kranz, the owners of certain premises in
Brooklyn, upon which said Cohn had, under a building con-
tract, performed certain work. The action is against said
Cohen & Kranz and against the sureties on the undertaking to
discharge the lien of said order. The evidence showed a sub-
stantial performance of the terms of the contract, sufficient
to justify the finding of the jury in favor of the plaintiff in
that regard. The appellants contend, however, that plaintiff
cannot recover as assignee of Cohn, inasmuch as the contract
provides that the contractor, Max Cohn, " shall not assign or
transfer his interest in the contract, or any right thereunder,
without the written consent thereto of Cohen & Kranz first

procured." It is conceded on the record that the contract was assigned to plaintiff. No evidence was offered of any consent by Cohen & Kranz, and the defendants pleaded as an affirmative defense that the assignment was made without such consent. If plaintiff has any standing in court, it is as assignee of Cohn's right to be paid certain moneys *under the contract;* and the failure of the plaintiff or his assignor to obtain the consent of Cohen & Kranz to such assignment would seem to be fatal to plaintiff's right of recovery.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present: SEABURY, GUY and WHITNEY, JJ.

Judgment reversed and new trial ordered with costs to appellant to abide event.