JOINT SCHOOL DISTRICT No. 2 OF THE TOWN OF WESTON AND VILLAGE OF SCHOFIELD, Respondent, vs. MARATHON COUNTY BANK, Appellant.

*May 12—June 22, 1925.*

*Assignments: Contracts by their terms not assignable: Building contracts: Partial assignments: Failure of owner to consent: Validity.*

1. A contractor assigned to a bank a gross sum of $5,000 out of a sum due or to become due him under a contract to erect a building for a school district which contained a provision prohibiting an assignment of the contract by either party without the written consent of the other, and prohibited the assignment of moneys due or to become due without the consent of the district, and the school board never officially consented to such assignment or promised to pay the bank such sum. *Held,* that the assignment was not enforceable against

the district and did not authorize the bank to apply funds deposited to the credit of the district in payment thereof. p. 420.

2. A debtor has a right to pay his debt *in solido* and to refuse to be subjected to actions by several claimants; and no notice of an assignment of part of a debt, no matter how complete in equity as between the parties, can, without his consent, destroy the right of the debtor. p. 421.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

Action to recover from the defendant bank a deposit of $5,000. The defense was that the bank had applied the deposit to pay claims assigned to it by a contractor who was erecting a schoolhouse for the plaintiff. The facts will sufficiently appear from the findings of the court, which are as follows:

"That the plaintiff and one Otrich-Shropshire Company, a corporation, entered into a contract for the construction of a large school building, in the village of Schofield, for a contract price of $41,001.30. That on February 5, 1923, the contractor was in the midst of construction of the building and in need of funds, and that said contractor applied to the defendant for a loan of $5,000 and, after some negotiations, the loan was made, and it gave the bank as collateral security for the payment of the assignment, 'Exhibit B,' by which the contractor did 'assign and set over unto *Marathon County Bank,* of Wausau, Wisconsin, the sum of $5,000 out of the balance due it or to become due it pursuant to the contract,' etc. A copy of this order was filed with the clerk of the plaintiff school district, and the clerk made a written acknowledgment of the receipt of the assignment and entered the assignment upon his records. No formal action of the school board of the plaintiff was ever taken in the matter, but it appears that all of the members of the board knew of the assignment.

"At the date of this assignment there was nothing due from the plaintiff. The construction contract provided for the payment monthly of eighty per cent. of the value proportionate to the amount of the contract of labor and materials incorporated in the work up to the first day of that month,

as estimated by the architect, less the aggregate of previous payments. Thereafter, upon estimates by the architect and certificates issued, there became due the contractor the following amounts:

On February 6, 1923 . . . . . . . . . . . . . . $2,249 45
On March 16, 1923. . . . . . . . . . . . . . . . $2,000 00
On May 2, 1923 . . . . . . . . . . . . . . . . . $1,433 35

"These sums were paid by the plaintiff to the contractor as they became due. Nothing ever became due the contractor from the plaintiff thereafter.

"The contractor found itself in failing circumstances and unable to complete its contract, and the plaintiff, under its contract, took over the work about September 1, 1923, and completed the building, charging the costs of completion back to the contract price, and such cost of completion far exceeded the unpaid balance of the contract price.

"The plaintiff had on deposit with the defendant bank a sum exceeding $5,000, and on September 26, 1923, the defendant charged to the plaintiff's account the sum of $5,000, and applied the same to the repayment of its loan to the contractor. Thereafter the plaintiff demanded of the defendant the said sum, but the defendant bank refused to pay the same or any part thereof.

"It further appears that the contract between the plaintiff and said contractors, among other things, provided that 'neither party to the contract shall assign the contract without the written consent of the other, nor shall the contractor assign any moneys due or to become due him hereunder without the previous written consent of the owner.' There is nothing in writing, either authorized or unauthorized by the plaintiff, that purports to be a consent to an assignment to the defendant.

"The claims paid by the contractor by means of the $5,000 loan are not shown even to have been for labor or materials upon plaintiff's building, nor to be lienable thereon.

"It satisfactorily appears that notice of the assignment by Otrich-Shropshire Company to the defendant was brought home to all members of the plaintiff school board in such a way as to constitute notice to the plaintiff district, because the board was in full charge of the construction of the schoolhouse and payment of the money. The school board

of the plaintiff never took any action in which it attempted to accept responsibility to pay the sum of $5,000 to the defendant bank. It neither authorized nor attempted to make any promise to pay the bank, nor did it give any official assent to the splitting up of whatever might become due the contractor, nor consent to pay its obligation in part to the defendant bank. The most shown by the evidence is conversation between the cashier of the defendant bank and the clerk of the school district in which it may be claimed the school clerk assented to, or at least did not object to, the assignment. The clerk understood the assignment to relate to the balance held back until final completion of the building pursuant to the terms of the contract."

As conclusions of law the court found:

"That all of the material allegations of the complaint are proven and true. That the plaintiff is entitled to have and recover of the defendant the sum of $5,000, with interest thereon from the 26th day of September, 1923, at the rate of six per cent. per annum, together with the costs and disbursements of the action."

For the appellant there was a brief by *F. E. Bachhuber* of Wausau and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Mr. R. B. Graves* and *Mr. Bachhuber*.

For the respondent there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt, Jr.,* and *F. W. Genrich*.

VINJE, C. J. The defendant assigns as errors (1) that the court erred in finding that the school district board did not consent to the assignment of funds thereafter to become due the contractor, and (2) that the court erred in finding that the school district was not indebted to the bank in the sum of $5,000 out of moneys thereafter becoming due under the architect's certificates to the contractor.

The defendant's right to recover turns upon the question whether it obtained an assignment from the Otrich-Shrop-

shire Company that it could enforce against the plaintiff. Assuming, but not deciding, that a written assignment consented to in writing by the school board would bind the district, it is clear from the testimony that no such assignment was made. The trial court so aptly and clearly discusses this question that we adopt that part of his opinion as our own. He says:

"It satisfactorily appears that notice of the assignment by Otrich-Shropshire Company to the bank was brought home to all members of the school district board in such a way as to constitute notice to the district, because the board was in full charge of the construction of the schoolhouse and payment of the money. If this assignment was good at law so as to give the bank a right of action against the school district for any moneys thereafter due the contractor from the district up to $5,000, the bank was in position to hold the district and therefore authorized to charge to the district's account the $5,000 at the time when it did.

"But the school board never took any action in which it attempted to accept responsibility to pay the $5,000 to the bank. It neither authorized nor attempted to make any promise to pay the bank, nor did it give any official assent to the splitting up of whatsoever might become due the contractor, nor consent to pay its obligation in part to the bank. The most shown by the evidence is conversation between the cashier of the bank and the clerk of the school district in which it may be claimed the school clerk assented to, or at least did not object to, the assignment. But such conduct or conversation of the clerk could not bind the school board. And the clerk understood the assignment to relate to amounts withheld until completion of building.

"The contract of plaintiff with Otrich-Shropshire Company provided that 'neither party to the contract shall assign the contract without the written consent of the other, nor shall the contractor assign any moneys due or to become due him hereunder without the previous written consent of the owner.'

"There is nothing in writing, either authorized or unauthorized by the board, that purports to be a consent to an assignment to the defendant. At most there is an acknowl-

edgment of notice of the making of an assignment, and that acknowledgment is signed by the clerk and on his own responsibility.

"The claims paid by the contractor by means of the $5,000 loan are not even shown to have been for labor or materials upon plaintiff's building, nor to be lienable thereon.

"In this state of the facts it seems that the case is ruled by *Skobis v. Ferge,* 102 Wis. 122, 78 N. W. 426, and *Cook v. Menasha,* 103 Wis. 6, 79 N. W. 26. These cases are very similar to the one at bar. In the *Skobis Case* the court said: 'While an assignee of the whole fund may, by virtue of the Code provisions that the party in interest shall sue, maintain an action at law directly against the debtor, the relaxation has not been extended so as to take away the protection of the other rule that a debt cannot, at the will of the creditor, without the consent of the debtor, be split up, and several suits maintained thereon, whether by assignment or otherwise. The debtor has a right to pay his debt *in solido,* and to refuse to be subjected to suits by several claimants; and no notice of an assignment of a part of a debt, no matter how complete in equity as between the assignor and assignee, can destroy this right of the original debtor without his consent.'

"This rule was applied with rigor to the defeat of the plaintiffs in the two cases. In the *Skobis Case* the situation was strongly analogous. The contractor there was entitled to payments from time to time. The orders given to subcontractors amounted to equitable assignments. The debtor, the board of regents, through its committee and secretary was fully informed and went as far as the school board did in this case, to recognize such assignments. But it was held that the board of regents was not liable on the assignments though payments had been made to the contractor of sums becoming due, leaving insufficient to pay claims under the assignments.

"The situation in the *Cook Case* was also analogous except only that there appears to have been no obligation of the city of Menasha to pay any instalments. There was, however, in that case as much or more evidence of assent of the city to the splitting up of the contractor's demand.

"In the case at bar there was no assignment of a specific sum or instalment coming due the contractor, but only an

assignment of a gross sum of $5,000 out of balance due or to become due. It was a very plain attempt to split up a demand. It was undoubtedly in equity, as between the Otrich-Shropshire Company and the bank, a good assignment, but could not operate to give the bank a direct action at law against the school district. Such being the situation, the bank had no right to take from the funds of the district which were not funds of the Otrich-Shropshire Company and were not funds due to the Otrich-Shropshire Company, any sum whatever to apply on the assignment."

*By the Court.*—Judgment affirmed.

ROSENBERRY, J., took no part.