FRANCES B. HOFFMAN, Plaintiff, *v.* THE BIOW Co., INC., Defendant.

Supreme Court, New York County, May 14, 1935.

*Milton C. Weisman* [*Milton C. Weisman, Herman Druck* and *Milton Seymour Cohen* of counsel], for the defendant, for the motion.

*Goodman Block* [*Mortimer Hays* and *Abraham Porter* of counsel], for the plaintiff, opposed.

FRANKENTHALER, J. It was not incumbent upon the plaintiff as part of her case to allege that the defendant waived the provision of the contract which provided for the forfeiture of the plaintiff's compensation in the event of her giving refunds or rebates in any form. The performance of this term of the contract was not a condition precedent to a recovery by the plaintiff, but was rather a matter of defense to be asserted by the defendant. The allegation in the complaint that the defendant waived its right to forfeit the

plaintiff's compensation because of refunds and rebates was quite obviously inserted in anticipation of the setting up of a defense based upon the contract provision previously referred to.

The plaintiff expressly disclaims any intention to urge that the statute relating to separate and prior trials of issues which may dispose of the entire litigation is confined to affirmative defenses. The motion is opposed only on the ground that a separate trial of the issue of waiver would be so bound up with the main issues in the case that it would in effect require a trial of those issues and would, therefore, probably develop into a trial of the merits. In the court's opinion, however, a separate and prior trial of the issue of waiver would not involve, to any substantial extent, a trial of the principal issues, but on the contrary would at most touch some of these issues at a tangent. If the defendant should succeed in establishing that it did not waive the forfeiture provision of the contract by consenting to or acquiescing in refunds and rebates, it is quite likely that the trial of the many other issues involved in the action proper will be obviated.

The motion for a separate and prior trial of the issue of waiver is granted. Settle order.