## Concrete Form Company, Inc., for use, v. W. T. Grange Construction Co., Appellant.

Argued October 8, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Charles K. Robinson,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellant.

*Harvey A. Miller,* with him *Samuel W. Miller,* of *Miller & Nesbitt,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 25, 1935:
Defendant had been engaged as the general contractor for a large apartment building to be erected in the City of Pittsburgh. The Concrete Form Company, Inc., was

subsequently employed by defendant as a subcontractor for the performance of certain work in connection with the construction. The contract was in the total sum of $64,400, and provided that the subcontractor would not "sublet any portion of the work of this contract or . . . hypothecate, pledge or assign any payments thereunder except by and in accordance with the consent of [the] contractor." The contract had been substantially performed when the subcontractor executed an assignment in the sum of $4,000 to the Blairsville Savings and Trust Company. At the time of the assignment the subcontractor's claims against defendant exceeded the amount of the assignment. The bank gave prompt notice of the assignment to defendant and requested an "acknowledgment of this letter." Defendant replied as follows: "This will acknowledge receipt of your letter dated February 9, 1929, concerning an assignment to you by Concrete Form Company of $4,000 claimed to be due from us in connection with the Morewood Gardens Apartment contract. The owners of this building have not approved all of the charges nor all of the work of Concrete Form Company and therefore we are not prepared to state to you that there will be $4,000 due them when all open questions have been settled."

The letter of acknowledgment was dated February 14, 1929. In the following May defendant made final settlement with the subcontractor, payment of $2,775.04 being made directly to the latter. Subsequently the subcontractor became insolvent and the present suit was brought in its name for the use of the bank. It is the contention of the latter that notwithstanding the provision against assignment and regardless of the nature of the assignment, defendant's letter of February 14, 1929, constituted a consent thereto and that defendant's subsequent payment to the assignor without notice to the assignee was at its own risk. Defendant contends that it never gave the consent necessary to the validity of the

assignment in question. The court below directed a verdict for plaintiff. Defendant has appealed from the overruling of its motions for a new trial and for judgment n. o. v.

Defendant cannot be held liable to the bank unless it consented to the subcontractor's assignment, irrespective of whether the assignment was total or partial. In the case of a partial assignment we have repeatedly held that notice alone is not enough and that the debtor is not bound thereby unless he gives his consent: Gordon v. Hartford Sterling Co., 319 Pa. 174, 179 A. 234, and cases therein cited. If the assignment is to be regarded as a complete transfer of the assignor's interest, which we think it was not, it still does not follow that notice to defendant was enough and that its assent was unnecessary. The contract between defendant and the assignor prohibited an assignment by the latter without the consent of the former. A right may not be the subject of an effective assignment when the assignment is prohibited by the contract creating the right: see Restatement, Contracts, section 151 (c). Since this prohibition was binding upon the assignee it must be obvious that defendant's consent was an essential prerequisite to its liability to any party other than its subcontractor.

The issue is therefore a very narrow one: Did defendant consent to the assignment? The bank's contention that defendant did so consent is founded solely upon the letter of February 14, 1929, in which it acknowledged receipt of the assignee's letter informing it of the assignment and further stated that the amount of its indebtedness to the assignor had not been determined. This letter did not constitute an unequivocal assent to the assignment. The assignee's letter had requested an acknowledgment of the notice of the assignment therein contained and defendant's letter was in response to that request. The assignee was also informed that a complete accounting had not yet been had and that the

amount of the indebtedness had not been finally determined. Beyond that the letter did not go. There was no express consent; nor is there sufficient warrant for any implication of the necessary assent. The original contract expressly forbade assignment. By that provision defendant undoubtedly sought to provide against the introduction of one or more third parties. It was for the benefit of the obligor: see Restatement, Contracts, section 176. Defendant wished to deal with its subcontractor and with it alone. Any waiver of that provision or consent to its violation would have to be clear, distinct and unequivocal. Such is not the present case. The court below should have ruled as a matter of law that defendant did not consent to the assignment and could not, therefore, be held liable.

The judgment of the court below is reversed and judgment is herein entered for defendant.