Bernard Botein, J.
In Sacks v. Neptune Meter Co. (144 Misc. 70), the prevailing opinion of the Appellate Term expressed the view (pp. 71, 77) that had the contract involved in that case provided that the claim for salary earned by the employee was nonassignable or that no rights could be acquired by an assignee, the plaintiff would not be entitled to recover. Recovery was allowed only because the contract contained merely a personal covenant of the employee not to make an assignment. The Appellate Division affirmed (238 App. Div. 82). The opinion of the court stated that it agreed with the view taken by the majority of the Appellate Term that there was only a personal covenant not to assign, but the court went on to say that in its opinion a contract could be drawn so as to prevent or invalidate an assignment, notwithstanding the provisions of section 41 of the Personal Property Law. In the instant case, the contracts between defendant and the original owner of the claims herein sued upon all provided that an assignment by the original owner of the claims of either the contracts “ or of any money due or to become due ” thereunder without the written consent of the defendant “ shall be void.” On the authority of Sacks v. Neptune Meter Co. (supra) this court is constrained to hold that contractual provisions invalidating any assignments by the original owner of the claims here involved must be given effect. Admittedly, no written consent of the defendant to the assignments was obtained. Nor, in the court’s opinion, was there any waiver of the contractual prohibition against assignments. Even if it be assumed that Bruno was told that assignments were intended and even if it be further assumed that he had authority to waive the contractual prohibition against assignments, no showing of waiver has been made out by the plaintiff. There is no statement in the affidavit of Gallagher, submitted by plaintiff, that Bruno affirmatively indicated, directly or indirectly, that the assignments would be recognized as valid or that the prohibition against them would be waived. Gallagher’s affidavit states merely that Bruno failed to advise him that there was a prohibition against assignments. Bruno was under no duty to Gallagher to give such advice and his mere silence is insufficient basis for a finding of waiver. The motion for summary judgment is granted. Settle order.