HERMAN ALLHUSEN, Appellant, v. CARISTO CONSTRUCTION CORP., Respondent.

Judgment affirmed, with costs.

VAN VOORHIS, J. (dissenting). The decisions by this court and by the Appellate Term in *Sacks* v. *Neptune Meter Co.* (238 App. Div. 82) upheld the assignability of the money due and payable under the contract there involved. What was said in the opinion in that case upon the point now at issue, as well as in the prevailing and concurring opinions at the Appellate Term (144 Misc. 70), although most carefully considered, was obiter dicta. The same is true of the statements in the opinion in *State Bank* v. *Central Mercantile Bank* (248 N. Y. 428, 434–435), per POUND, J., which accord more nearly with the opinion by Justice FRANKENTHALER than with the majority opinion at the Appellate Term or the opinion of this court in the *Sacks* case. No decision that has come to our attention is upon the precise point, although *Bank of United States* v. *Public Bank* (88 Misc. 568 [LEHMAN, J.], affd. 168 App. Div. 915), approaches it in deciding that a savings bank account is assignable without production of the pass book notwithstanding an agreement with the depositor to the contrary. *Manchester* v. *Kendall* (19 Jones & Sp. 460, affd. 103 N. Y. 638) and *Snyder* v. *City of New York* (74 App. Div. 421) also tend in the same direction. The dicta in the opinion by Judge POUND in *State Bank* v. *Central Mercantile Bank* and by Justice FRANKENTHALER in *Sacks* v. *Neptune Meter Co.*, commend themselves to my judgment more than the opposite view. Although this painting contract was personal to this particular subcontracting corporation, in the sense that its work was bargained for and that of none other, the same is not true of the money which had become due and payable thereunder by reason of the actual performance of the work. Such an account receivable was assignable by nature, and could not be rendered otherwise without imposing an unlawful restraint upon the power of alienation of property. The obligor is not subjected to danger from double liability to a greater degree than in the transfer of other kinds of property or choses in action.

I vote to reverse the judgment appealed from and to deny defendant's motion to dismiss the complaint.

Dore, J. P., Cohn, Shientag and McCurn, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse the judgment and to deny defendant's motion to dismiss the complaint, in opinion.

Judgment affirmed, with costs. No opinion.