Herman Allhusen, Appellant, v. Caristo Construction Corp., Respondent.

Argued November 26, 1951; decided January 24, 1952.

*Bruce A. Hecker, John F. Dooling, Jr.,* and *James A. Thomas, Jr.,* for appellant. I. A prohibition against the assignment of money due under a private contract is per se invalid. (*State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428; *Sacks* v. *Neptune Meter Co.,* 144 Misc. 70, 238 App. Div. 82; *De Peyster* v. *Michael,* 6 N. Y. 467; *Portuguese-American Bank* v. *Welles,* 242 U. S. 7; *Bank of U. S.* v. *Public Bank of N. Y. City,* 88 Misc. 568.) II. The anti-assignment language at most renders the assignor liable to the debtor in damages for making an assignment without written consent. (*Manchester* v. *Kendall,* 19 Jones & Sp. 460, 103 N. Y. 638; *Reliable Loan & Investment Co.* v. *Delgus Co.,* 223 App. Div. 94; *Snyder* v. *City of New York,* 74 App. Div. 421.) III. The assignment is always effective to pass title to the right of action of the assignee; the assignee is an indispensably necessary party plaintiff. (*Seibert* v. *Dunn,* 216 N. Y. 237; *Blog* v. *Burden & Co.,* 238 App. Div. 634; *Keon* v. *Saxton & Co.,* 257 N. Y. 412.) IV. The language in the present contracts is inadequate to prevent assignment. (*Reisler* v. *Cohen,* 67 Misc. 67; *State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428; *Snyder* v. *City of New York,* 74 App. Div. 421; *Manchester* v. *Kendall,* 19 Jones & Sp. 460, 103 N. Y. 638; *Bank of U. S.* v. *Public Bank of N. Y. City,* 88 Misc. 568, 168 App. Div. 915; *Reliable Loan & Investment Co.* v. *Delgus Co.,* 223 App. Div. 94.)

*George B. Balamut* for Manufacturers Trust Company, *amicus curiæ*, in support of appellant's position. The result below places an unwarranted clog on the use of accounts receivable for collateral security purposes. (Koessler, Accounts Receivable, 44 Mich. L. Rev. 563; Saulnier & Jacoby, Accounts Receivable Financing [1943]; *State Bank* v. *Central Mercantile Bank* 248 N. Y. 428; *Bank of U. S.* v. *Public Bank of N. Y. City,* 88 Misc. 568.)

*Milton P. Kupfer* and *Theodore M. Newman* for National Conference of Commercial Receivable Companies, Inc., and another, *amici curiæ*, in support of appellant's position.

*Emanuel Harris* and *Max E. Greenberg* for respondent. I. The contract provision declaring the assignment of the contract or of any interest therein, or of any money due thereunder, void without the written consent of defendant, is valid and binding on plaintiff. (*Fortunato* v. *Patten,* 147 N. Y. 277; *Devlin* v. *Mayor of City of N. Y.,* 63 N. Y. 8; *Burck* v. *Taylor,* 152 U. S. 634; *Arkansas Smelting Co.* v. *Belden Co.,* 127 U. S. 379; *Delaware County* v. *Diebold Safe Co.,* 133 U. S. 473; *State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428; *Portuguese-American Bank* v. *Welles,* 242 U. S. 7; *Nassau Hotel Co.* v. *Barnett & Barse Corp.,* 162 App. Div. 381, 212 N. Y. 568.) II. The prohibition against assignment was not invalidated by section 41 of the Personal Property Law. (*Eberson* v. *Gere,* 40 Hun 248; *Sacks* v. *Neptune Meter Co.,* 144 Misc. 70, 238 App. Div. 82; *Bank of U. S.* v. *Public Bank of N. Y. City,* 88 Misc. 568; *State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428; *Barringer* v. *Bes Line Constr. Co.,* 23 Okla. 131; *La Rue* v. *Groezinger,* 84 Cal. 281; *Reef* v. *Mills Novelty Co.,* 126 Tex. 380; *Matter of Malloy,* 253 App. Div. 30, 278 N. Y. 429; *Twin Realty Corp.* v. *Glens Falls Portland Cement Co.,* 225 App. Div. 515; *Morse* v. *Morse Dry Dock & Repair Co.,* 249 App. Div. 764; *City of Ithaca* v. *Ithaca St. Ry. Co.,* 145 App. Div. 675; *Lana* v. *International Harvester Co.,* 258 App. Div. 851.) III. The prohibition against assignments was essential for the protection of defendant in the event of defaults by Kroo subsequent to notice of attempted assignments. (*Whitehall Mercantile Corp.* v. *Jamaica Ellbee Furriers' Corp.,* 54 N. Y. S. 2d 653; *State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428.) IV. The contention

that the decision of the court below places an additional burden on the business of lending money upon security of accounts receivable on a non-notification basis is irrelevant for the reason that concededly the assignment herein was upon a notification basis. V. The failure to give effect to the provision prohibiting assignment would deprive defendant of its constitutional right of freedom of contract. (*W. H. H. Chamberlin, Inc.*, v. *Andrews*, 271 N. Y. 1, 299 U. S. 515; *Rosenblum* v. *Rosenblum*, 181 Misc. 78; *Billie Knitwear, Inc.*, v. *New York Life Ins. Co.*, 174 Misc. 978, 262 App. Div. 714, 288 N. Y. 682; *People* v. *Nebbia*, 262 N. Y. 259, 291 U. S. 502; *Locker* v. *American Tobacco Co.*, 121 App. Div. 443, 195 N. Y. 565.)

FROESSEL, J. Defendant, a general contractor, subcontracted with the Kroo Painting Company (hereinafter called Kroo) for the performance by the latter of certain painting work in New York City public schools. Their contracts contained the following prohibitory provision: " The assignment by the second party [Kroo] of this contract or any interest therein, or of any money due or to become due by reason of the terms hereof without the written consent of the first party [defendant] shall be void." Kroo subsequently assigned certain rights under the contracts to Marine Midland Trust Company of New York, which in turn assigned said rights to plaintiff. These rights included the " moneys due and to become due " to Kroo. The *contracts* were not assigned, and no question of improper delegation of contractual duties is involved. No written consent to the assignments was procured from defendant.

Plaintiff as assignee seeks to recover, in six causes of action, $11,650 allegedly due and owing for work done by Kroo. Defendant answered with denials, and by way of defense set up the afore-mentioned prohibitory clause, in addition to certain setoffs and counterclaims, alleged to have existed at the time of the assignments. It thereupon moved for summary judgment under rule 113 of the Rules of Civil Practice, and demanded dismissal of plaintiff's several causes of action on the sole ground that the prohibitory clause constituted a defense sufficient as a matter of law to defeat each cause of action. Special Term dismissed the complaint, holding that the prohibition against assignments " must be given effect." The Appellate

Division affirmed, one Justice dissenting on the ground that the " account receivable was assignable by nature, and could not be rendered otherwise without imposing an unlawful restraint upon the power of alienation of property." (278 App. Div. 817.)

Whether an anti-assignment clause is effective is a question that has troubled the courts not only of this State but in other jurisdictions as well (*Burck* v. *Taylor,* 152 U. S. 634; *State St. Furniture Co.* v. *Armour & Co.,* 345 Ill. 160; *Bewick Lbr. Co.* v. *Hall,* 94 Ga. 539; *Dixon-Reo Co.* v. *Horton Motor Co.,* 49 N. D. 304; *Inter-Southern Life Ins. Co.* v. *Humphrey,* 122 Miss. 579; *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal. 2d 335; *Portuguese-American Bank* v. *Welles,* 242 U. S. 7; *Barringer* v. *Bes Line Constr. Co.,* 23 Okla. 131; *Joint School Dist. No. 2* v. *Marathon Co. Bank,* 187 Wis. 416; *Concrete Form Co.* v. *Grange Constr. Co.,* 320 Pa. 205; *Reef* v. *Mills Novelty Co.,* 126 Tex. 380; 31 Mich. L. Rev. 304; 74 U. of Pa. L. Rev. 226).

Our courts have not construed a contractual provision against assignments framed in the language of the clause now before us. Such kindred clauses as have been subject to interpretation usually have been held to be either (1) personal covenants limiting the covenantee to a claim for damages in the event of a breach (as, e.g., *Manchester* v. *Kendall,* 19 Jones & Sp. 460, affd. 103 N. Y. 638; *Sacks* v. *Neptune Meter Co.,* 144 Misc. 70, affd. 238 App. Div. 82), or (2) ineffectual because of the use of uncertain language (*State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428). But these decisions are not to be read as meaning that there can be no enforcible contractual prohibition against the assignment of a claim; indeed, they are authority only for the proposition that, in the absence of language clearly indicating that a contractual right thereunder shall be non-assignable, a prohibitory clause will be interpreted as a personal covenant not to assign.

In the *Manchester* case (*supra*) it was held (p. 463) that the words, " ' This contract not to be assigned, or any part thereof, or any installments to grow due under the same ' ", must be construed as an agreement not to assign, the breach of which would give rise to a claim for damages by the covenantee. The court stated (p. 463) that the quoted words " would not make the assignment void." In the clause now before us, however,

it is expressly provided that the " assignment  *  *  * shall be void." In the *State Bank* case (*supra,* p. 431) which involved the assignment of certificates of deposit which were " not subject to check " and were " payable only to himself [depositor] *  *  * on return of this Certificate properly endorsed ", we held that such language did not make the certificates nonassignable, and that nonnegotiable certificates of deposit are assignable *in the absence of an agreement to the contrary.* Judge Pound, writing for a unanimous court, added, however (p. 435): " Clear language should, therefore, be required to lead to the conclusion that the certificates are not assignable. (1 Williston on Contracts, § 422.) We cannot deduce such consequences from uncertain language. (*Scheffer* v. *Erie Co. Sav. Bank,* 229 N. Y. 50.) The plainest words should have been chosen, so that he who runs could read, in order to limit the freedom of alienation of rights and prohibit the assignment. It might have been stipulated on the face of the certificates that they should be ' non-transferable ' or ' non-assignable.' "

In *Devlin* v. *Mayor of City of N. Y.* (63 N. Y. 8), we said (pp. 17, 20): " Parties may, in terms, prohibit the assignment of any contract [" and the interest of the contractor under it "] and declare that neither personal representatives nor assignees shall succeed to any rights in virtue of it, or be bound by its obligations." In *Fortunato* v. *Patton* (147 N. Y. 277), where the contract with the city provided in substance that the contractor shall not assign the contract, or any moneys payable thereunder, without the consent of the city, we noted (p. 281): " it was inserted in the contract solely for the benefit of the city, and prevents any claim being asserted against it in the absence of consent ".

In the lower courts, *Sacks* v. *Neptune Meter Co.* (*supra*), expresses the view, and *Morkel* v. *Metropolitan Life Ins. Co.* (163 Misc. 366 [App. Term, 1st Dept.]), and *Reisler* v. *Cohen* (67 Misc. 67) hold that, where the agreement provides that the claim is nonassignable, the assignee may not recover. This is in harmony with Restatement of the Law of Contracts (§ 151): " A right may be the subject of effective assignment unless  *  *  * (c) the assignment is prohibited by the contract creating the right." (See, also, 2 Williston on Contracts, § 422, pp. 1217–1218.)

In the light of the foregoing, we think it is reasonably clear that, while the courts have striven to uphold freedom of assignability, they have not failed to recognize the concept of freedom to contract. In large measure they agree that, where appropriate language is used, assignments of money due under contracts may be prohibited. When " clear language " is used, and the " plainest words * * * have been chosen ", parties may " limit the freedom of alienation of rights and prohibit the assignment " (*State Bank* v. *Central Mercantile Bank*, *supra*, p. 435). We have now before us a clause embodying clear, definite and appropriate language, which may be construed in no other way but that any attempted assignment of either the contract or any rights created thereunder shall be " void " as against the obligor. One would have to do violence to the language here employed to hold that it is merely an agreement by the subcontractor not to assign. The objectivity of the language precludes such a construction. We are therefore compelled to conclude that this prohibitory clause is a valid and effective restriction of the right to assign.

Such a holding is not violative of public policy. Professor Williston, in his treatise on Contracts, states (Vol. 2, § 422, p. 1214) : " The question of the free alienation of property does not seem to be involved." The New York cases do not hold otherwise (*State Bank* v. *Central Mercantile Bank*, *supra*, p. 435). Plaintiff's claimed rights arise out of the very contract embodying the provision now sought to be invalidated. The right to moneys under the contracts is but a companion to other jural relations forming an aggregation of actual and potential interrelated rights and obligations. No sound reason appears why an assignee should remain unaffected by a provision in the very contract which gave life to the claim he asserts.

Nor is there any merit in plaintiff's contention that section 41 of the Personal Property Law requires that the prohibitory clause be denied effect. Because the statute provides that a person may transfer a claim, it does not follow that he may not contract otherwise. Countless rights granted by statutes are voluntarily surrendered in the everyday affairs of individuals. In *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.* (226 N. Y. 313, 325–326), we noted: " The general rule now prevailing * * * that any property right, not necessarily

personal, is assignable, *is overcome only by agreement of the contracting parties* or a principle of law or public policy. [Citing cases.] In this jurisdiction the statute, in effect, so provides [referring to the predecessor of section 41 of the Personal Property Law]." (Emphasis supplied.)

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment affirmed.