■    In the Matter of the Accounting of SAMUEL W. SIEGEL, as Executor of MOE SHERMAN, Deceased. SAM SHERMAN et al., Appellants. In the Matter of the Construction of the Will of MOE SHERMAN, Deceased. IRENE SHERMAN, Appellant; SAMUEL W. SIEGEL, as Executor of MOE SHERMAN, Deceased, et al., Respondents.— On this appeal, the entire controversy revolves around an *inter vivos* agreement executed by the testator and his brother in 1945. Both owned all the stock of Sherman Brothers, Inc. The contract provided, in part, that the surviving brother would have the right to acquire the other's stock upon payment to the estate of the deceased brother of a sum to be determined by the net worth of the corporation as calculated by Samuel Siegel, the firm's accountant, who was also named as executor by this decedent. By the terms of the contract, Siegel's determination became final and binding. On two prior occasions, the validity and binding effect of this agreement have been upheld (279 App. Div. 981, motion for leave to appeal to the Court of Appeals denied 279 App. Div. 1064, 1065, 304 N. Y. 990). In our view, the accountant's report of the net worth of the corporation is conclusive except for palpable errors therein. The respondents point to two items wherein they allege such errors were made and which would impose an additional liability upon the objectant Sam Sherman to the extent of $12,956.59. While the named objectant urges that the accountant correctly reflected those items, he is nevertheless willing to pay such sum. The respondents additionally urge that an error was made by the accountant in the use of an incorrect accounting method in his computations. The method he employed had been used in determining the net worth of the corporation for 25 years. We cannot now substitute, as did the learned Surrogate, an accounting theory never before used in this enterprise and not generally applied in the industry of which the corporation is a part. Decree unanimously modified by striking the provision therein ordering the objectant to pay the estate the sum of $39,052.26 with interest thereon and substituting therefor a provision requiring the objectant to pay the estate the sum of $12,956.59, without interest and, as so modified, affirmed. Settle order on notice. Concur — Peck, P. J., Rabin, Cox, Frank and Valente, JJ.

■    LEONARD SILLMAN et al., Respondents, v. TWENTIETH CENTURY-FOX FILM CORPORATION, Appellant, et al., Defendants.— Order reversed and the motion for summary judgment granted in favor of appellant, with $20 costs and disbursements of the appeal to appellant. The underlying agreement between appellant and National Pictures Corporation did not contain merely a personal covenant against assignment, but clearly indicated, particularly by the language prohibiting the devolution of any rights, that such rights were not assignable. (See *Allhusen* v. *Caristo Constr. Corp.*, 303 N. Y. 446.) Further, it has not been shown that the anti-assignment provisions have been waived, or that appellant is estopped from asserting these provisions. Since there are no triable issues of fact, the motion for summary judgment should have been granted. Concur — Breitel, J. P., Rabin and Valente, JJ.; Cox and Frank, JJ., dissent and vote to affirm. Settle order on notice.

■    In the Matter of THOMAS J. PHILLIPS, Appellant, against BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Cox, Frank and Valente, JJ.