Fuld, J. (dissenting).
Save for the issue of waiver, we are all agreed that defendant Twentieth Century-Fox would be entitled to summary judgment dismissing the complaint. On that question, too, I am persuaded, as was the Appellate Division, that no triable issue of fact is presented.
Plaintiffs are a few of a large number of artists and investors embroiled in a controversy with National Pictures Corporation and Berman Swarttz Productions over the distribution of profits from a motion picture released in 1954 and still being exhibited. The controversy is extensive and the disputants numerous. Some 17 other claimants, not parties to this action, have instituted suit in California and, according to the averment of the complaint in that California action, have assigned to the present plaintiffs different percentile shares of the profits than the latter now claim in the complaint before us. At any rate, in view of the inability of the parties to agree on their respective shares and in view of the consequent difficulty of distributing the profits as they are accumulated, at least one bank, the Chemical Bank and Trust Company, has refused to act as distributing agent. Plaintiffs now seek to foist this burden on Twentieth Century-Fox, the firm which distributed the film pursuant to a contract with National, on the theory that National assigned to the plaintiffs part of the payments due to it, in the proportions they claim.
I have no doubt, and, indeed, no one disputes, that it was to prevent entanglement in this very sort of controversy that Twentieth Century-Fox insisted, and explicitly provided in its contract with National, that it would not be “ required to recognize or accept any assignments”; that payments would be made only to National and to “no other person”; that no right under the contract would “ devolve # * * upon any * # * other person through or as representative of either party ”; and that “ neither party ” would assign the agreement or any part of it “ or any rights or monies payable ” under it “ without the prior written consent of the other”. Nevertheless, despite the admitted absence of such consent—though the plaintiffs had ample opportunity to obtain it — and, despite the fact that the plain and only purpose of the anti-assignment provisions would thereby be completely frustrated, plaintiffs urge *406 that Twentieth Century-Fox must submit to the inconvenience, the expense and the uncertainty of a trial solely because it made no protest when it examined the contracts between plaintiffs and National or when it was told by plaintiffs’ attorney of the assignments.
Allegations such as these, and they are the only ones made by plaintiffs, do not support the conclusion that a triable issue of fact is presented. That there was no 1 ‘ protest ’ ’ from the attorneys for Twentieth Century-Fox means nothing. Inquiry, to be meaningful, must go deeper: did that failure reasonably reflect an “ intentional relinquishment of a known right ”? If it did not, then, there is no basis for either inference or finding of waiver. (Werking v. Amity Estates, 2 N Y 2d 43, 52; Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37.)
Courts are properly hesitant about frustrating contract provisions which prohibit assignment and, accordingly, the rule is settled that “ an estoppel or waiver must be established by the person claiming it by a preponderance of evidence, and neither an estoppel nor a waiver * * * can be inferred from mere silence or inaction.” (Gibson Elec. Co. v. Liverpool & London & Globe Ins. Co., 159 N. Y. 418, 426-427; see, also, Truglio v. Zurich Gen. Acc. & Liability Ins. Co., 247 N. Y. 423, 427.) And, more to the point, the affirmative acts required to defeat a nonassignment clause by a finding of waiver have invariably been such as are unquestionably inconsistent with anything but recognition of the assignment — as, for instance, making payment to the assignee (see Hackett v. Campbell, 159 N. Y. 537, affg. 10 App. Div. 523, 526; Devlin v. Mayor of City of N. Y., 63 N. Y. 8, 14) allowing the assignee to complete the job (see Brewster v. City of Hornellsville, 35 App. Div. 161, 166) or, in the case of a lease, receiving rents knowing that the assignee is in possession. (See Woollard v. Schaffer Stores Co., 272 N. Y. 304, 312-313; Gillette Bros. v. Aristocrat Restaurant, 239 N. Y. 87, 89-90.)
Indeed, on facts far stronger than those asserted by plaintiffs, the courts have held, as a matter of law, that there was no waiver of the anti-assignment clause. (See, e.g., Allhusen v. Caristo Constr. Corp., 5 Misc 2d 749-750 [per Botein, J.], affd. 278 App. Div. 817, affd. 303 N. Y. 446; Concrete Form Co. v. Grange Constr. Co., 320 Pa. 205; Joint School *407 Dist. v. Marathon County Bank, 187 Wis. 416.) In the Allhusen case (supra, 303 N. Y. 446), for instance, a contractor, the defendant, hired a subcontractor to do some painting work, their contract providing that there was to be no assignment without the contractor’s written consent. The subcontractor, nevertheless, made an assignment of amounts due to it as security for a loan, the assignee, a bank, being unaware of the provision against assignment. When the subcontractor later sought to secure a further loan, the bank discussed the assignment with the contractor’s general manager. No protest was voiced and no word uttered about the invalidity of an assignment, and, on the strength of that conversation, the bank declared, it made additional loans secured by further assignments. The subcontractor thereafter became insolvent and the contractor, relying on the anti-assignment clause, refused to honor the assignments made to the bank. In the suit thereafter brought by the bank’s .successor, Special Term granted the contractor’s motion for summary judgment dismissing the complaint. The court stressed the fact that there had been no written consent to the assignment and ruled, as a matter of law, that no waiver could be inferred from the circumstance that the contractor had failed to object to the assignment when he had been advised of it. The Appellate Division affirmed (278 App. Div. 817) and so did we (303 N. Y. 446), although by the time the appeal reached us, the plaintiff, recognizing its weakness, had abandoned the argument of waiver.
The rightness of that result is reinforced and confirmed by cases decided in other jurisdictions. On facts even stronger than those in the Allhusen case, the highest courts of both Pennsylvania and Wisconsin have unanimously held, as a matter of law, that there was no waiver. (See Concrete Form Co. v. Grange Constr. Co., supra, 320 Pa. 205; Joint School Dist. v. Marathon County Bank, supra, 187 Wis. 416.) In the Pennsylvania case, which is particularly illuminating, an agreement between a contractor and a subcontractor provided that the latter would not “ assign any payments thereunder except by and in accordance with the consent of [the] contractor.” Without obtaining the requisite consent, the subcontractor executed an assignment of some of the moneys due it to a bank and the latter immediately notified the contractor by letter of the assignment, requesting an “ acknowledgment ”. The con *408 tractor, acknowledging receipt of the letter “ concerning an assignment” confirmed the existence of the account, but said nothing about the anti-assignment clause. In reversing the trial court, which had held that the contractor’s acknowledgment of the assignment constituted a waiver of the nonassignment provision, the Supreme Court decided that “asa matter of law ”, there was no waiver (320 Pa. 208-209): “ This letter [acknowledging the assignment] did not constitute an unequivocal assent to the assignment. * * * There was no express consent; nor is there sufficient warrant for any implication of the necessary assent. The original contract expressly forbade assignment. By that provision defendant undoubtedly sought to provide against the introduction of one or more third parties * * *. Defendant wished to deal with its subcontractor and with it alone. Any waiver of that provision or consent to its violation would have to he clear, distinct and unequivocal. Such is not the present case. The court helow should have ruled as a matter of law that defendant did not consent to the assignment and could not, therefore, he held liable.” (Emphasis supplied.)
Turning to the case before us, it is readily apparent that Twentieth Century-Fox also sought ‘ ‘ to provide against the introduction of * * * third parties,” that it wished, as it stated, to deal with National, and National alone, and that there is no “ clear, distinct and unequivocal ’ ’ evidence of waiver. The Appellate Division was, therefore, eminently correct in holding that there was no basis for any claim of waiver. Let us dwell for a moment on the facts relied upon to spell out waiver. The papers which Twentieth Century-Fox examined, far from making any reference to assignment, actually directed attention to the very agreement between National and Twentieth Century-Fox which, in explicit terms, prohibited assignments.[1] Moreover, that agreement, with all of its anti-assignment provisions, was actually attached to the contract which Berman Swarttz negotiated with National upon plaintiffs’ instructions. And, in addition to that, the Swar ttz-N ational agreement itself provided that it should not be construed as giving any right, legal or equitable, to third persons. In short, therefore, the papers examined, instead of informing Twentieth Century-Fox, as plaintiffs allege, that unless it protested it would be relin *409 quishing the anti-assignment provisions, really reaffirmed the vitality of those provisions. Surely, then, Twentieth Century-Fox’s “ failure to protest ” may not be regarded as evidence of an intention to waive. As earlier indicated, such an intent may only be predicated on action taken on the strength of known facts, and acts, to justify an inference of waiver, must be of an affirmative character, not mere silence or inaction. (See, e.g., Gibson Elec. Co. v. Liverpool & London & Globe Ins. Co., supra, 159 N. Y. 418, 427; Allhusen v. Caristo Constr. Corp., supra, 5 Misc 2d 749, affd. 278 App. Div. 817, affd. 303 N. Y. 446; Emerson Radio & Phonograph Corp. v. Standard Appliances, 201 Misc. 821, 827.)
Nor may any inference of waiver be said to flow from the fact that no objection was raised when, some time later, plaintiffs’ attorney, in a conversation with counsel for Twentieth Century-Fox, advised him of the assignments. This is the same sort of inaction that has been held insufficient to establish waiver in precisely this type of case. (See Allhusen v. Caristo Constr. Co., supra, 5 Misc 2d 749, affd. 278 App. Div. 817, affd. 303 N. Y. 446; Concrete Form Co. v. Grange Constr. Co., supra, 320 Pa. 205; Joint School Dist. v. Marathon County Bank, supra, 187 Wis. 416.) It is nowhere alleged that Twentieth Century-Fox or anyone on its behalf expressly waived the non-assignment provisions and, if plaintiffs wanted them waived, their attorney should have requested the requisite consent in writing. Having failed to obtain such consent, plaintiffs should not be permitted to involve Twentieth Century-Fox in a troublesome and expensive trial by simply alleging a waiver, without support (as I have demonstrated) of any fact sufficient in law to substantiate the allegation. To hold otherwise not only frustrates the plain purpose of the anti-assignment provisions but amounts to a decided departure from our wise and established summary judgment procedure.
I would affirm the Appellate Division determination granting summary judgment.
Conway, Ch. J., Van Voorhis and Burke, JJ., concur with Froessel, J.; Fund, J., dissents in an opinion in which Desmond and Dye, JJ., concur.
Judgment of the Appellate Division reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.

. Tins, plaintiffs had expressly authorized Berman Swarttz to arrange for the production of the film “pursuant to” and “under” the contract containing the nonassignment clauses.