Matthew M. Levy, J.
I do not deem it necessary to outline here the nature of the action. It has been fully delineated in the majority and minority opinions of the Court of Appeals (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395). Suffice it to say, for present purposes, that this is a suit in which the plaintiffs seek a declaration that the receipts (now in the possession or control of named defendants, including the defendant Twentieth Century-Fox Film Corporation) under certain moving picture production and distribution contracts are the property of the plaintiffs, that such receipts be impressed with a trust and subject to a lien in the plaintiffs’ favor, that the defendant Twentieth Century be directed to pay the appropriate amounts to each of the respective plaintiffs, and that that defendant be required to account to the plaintiffs for the receipts heretofore and hereafter obtained by it, and for other relief. It appears that the plaintiffs had severally contributed various elements to the conception and creation of the motion picture involved, and for their contributions the plaintiffs were respectively to receive allocated percentages of the contemplated profits, which they claim were duly assigned to them. Among the contracts involved, there was a nonassignment clause, which in substance provides that Twentieth Century shall not be required to recognize any assignment of sums accruing to the producer, and that if there be such assignment, Twentieth Century shall have the right to withhold further payments under the contract until the assignment is cancelled or -withdrawn to the satisfaction of Twentieth Century.
The defendant Twentieth Century now moves before me at Motion Term, invoking subdivision 3 of section 443 of the Civil Practice Act, for a prior and separate trial of the issue of *777 waiver with respect to the anti-assignment clause which, it is claimed, nullifies the. assignment to the plaintiffs of the distribution proceeds. The contractual provision is entitled to respect (Allhusen v. Caristo Constr. Corp., 303 N. Y. 446). But the Court of Appeals has held, in denying a motion by the defendant for summary judgment dismissing the complaint, that there is a fact issue as to whether or not the defendant has waived the anti-assignment proviso (3 N Y 2d 395, supra). The defendant contends that, since the determination on trial of that issue against the plaintiffs will end the litigation, the many other issues which exist should not be heard unless the plaintiffs first prevail upon the issue of waiver.
In that hyperbole sometimes concomitant with vigorous advocacy, the defendant argues that the issue as to whether or not there was a waiver of the clause prohibiting assignment is an isolated question, completely insulated from the rest of the action, and that much time and effort will be saved in the matter of preliminary preparation, and at the trial itself, if this motion be granted — and the defendant hopefully expects that the first trial will be the only one. Not to be outdone in the forceful presentation of argument, the plaintiffs contend that the issue of waiver is so thoroughly a part of and integrated with the other issues in the case, that, rather than there being a saving of time in the event a severance be granted, there will be a complete duplication of the expenditure of time and effort at the two trials — since plaintiffs hopefully expect that there will be two.
A study of the extensive record and the briefs in the Court of Appeals, and of the majority and dissenting opinions there, has convinced me that neither contention is entirely correct, but that the plaintiffs have the better of the argument, and that in the exercise of discretion, there should not be a pretrial severance of the trial. There is here proposed by the movant not a separate trial of a simple issue involving proof of a single fact — such as whether or not there was a general release (Winokur v. Quaker City Bus Co., 255 App. Div. 273) — but of the more complicated issue as to whether there was a waiver. And that issue in this case involves the proof of many facts generally bound up with the main issues in the case (cf. Hoffman v. Biow Co., 246 App. Div. 706, revg. 155 Misc. 729). Waiver is “ ‘ the intentional relinquishment of a known right ’ ” (Werking v. Amity Estates, 2 N Y 2d 43, 52). “ It is essentially a matter of intention. * * * Commonly, it is sought to be proved by various species of proofs and evidence, by declarations, by acts and by non-feasance, permitting differing infer *778 enees and which do not directly, unmistakably or unequivocally establish it ” (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37). In other words, as in effect pointed out by the Court of Appeals in this very ease, when it comes to the proof of the claimed waiver here, there is no clear point of departure, no plain line of demarcation, when it can be definitively said that the intention to relinquish the known right began to take form and became effective. The parties are entitled on this issue to inquire as to the right, the knowledge of that right, its background, the basis for it, the intent to relinquish it, and its ultimate relinquishment. All of that means — as I read the full record before me — that the trier of the issue of waiver may very well have to hear a substantial portion, if not all, of the facts in the case as a whole.
Moreover, the action is in equity, and even if there were to be a severance of the trial of the issues as requested, both trials will be held before a judge alone. I have long been of the view that shifting the determination of issues in the same case from one judge to another should be done sparingly and only when the due administration of justice requires it (see Silverman v. Rogers Imports, 4 Misc 2d 672, 673-674 ; Grobman v. Freiman, 3 Misc 2d 656, 659).
Accordingly, the defendant’s motion, in pursuance of subdivision 3 of section 443 of the Civil Practice Act, to direct a separate trial of the issue of waiver, is denied. That disposition, however, is without prejudice to, and reserves for the determination of the Trial Justice, any application that may be made by any of the parties, or that may be resolved by the Trial Justice sua sponte, to effectuate a change in the order of the presentation or disposition of any of the issues in the action (see Civ. Prac. Act, § 443, subd. [2]). That, too, will permit the Trial Judge to defer, among other things, the matter of the accounting— an issue which the defendant properly says should await determination that the plaintiffs are entitled to an accounting.