WRIGHT, Presiding Judge.
This is an appeal from a judgment in favor of the State for income tax. We affirm.
Taxpayer was employed by the State of Pennsylvania. He had earned a retirement annuity from the Pennsylvania Retirement System and had retired. According to the conditions of his retirement, payments are made to him monthly during his life and one-half of such payments to his beneficiary for life. Monthly payments to taxpayer of $2,2058.66 began in June 1974. He drew a total of $24,703.93 in 1975, the year in question.
In February 1975 Taxpayer and his wife entered into a separation agreement, which was incorporated into a divorce decree of March 1975. Pertinent parts of the agreement read as follows:
“Abram William VanderMeer hereby sets over and assigns as a property settlement a part of these contract rights as follows:
[[Image here]]
“Abram William VanderMeer shall irrevocably assign and transfer to Elinore Margaret Sexton VanderMeer and shall irrevocably designate her as the beneficiary of a share of his Commonwealth of Pennsylvania State Employees Retirement System, which is a vested contract right, a share of approximately one-half thereof consisting of $1,050 per month.” (R.27, 28).
Upon the divorce Taxpayer notified the System that $1,050 per month had been assigned or transferred to his wife and requested that payment be made directly to her. The System replied that the conditions of the annuity would not allow this, and continued to send the checks to Taxpayer throughout 1975. Upon receipt of each check, Taxpayer would send a check for $1,050 to his former wife.
The Department of Revenue of the State of Alabama asserted that the total annuity payments were includable in Taxpayer’s gross income, with no exclusion for the payments to his wife. A final assessment of $2,203.15 was made, and this amount was paid. Of this, $571.07 was paid under protest and an appeal was taken to Tuscaloosa County Circuit Court. The facts were stipulated. Judgment was entered for the State on July 15, 1977.
The position of taxpayer is that the annuity assignment provisions of the separation agreement operate to prevent $1,050 of each annuity payment from being income taxable to him. He asserts that since he no longer “controls” this sum, he is merely a “conduit” for its passage from the Pennsylvania State Employees Retirement System to his former wife.
This position is incorrect. A transfer of the vested annuity right has not taken place, despite the separation agreement, because 71 Pa.Cons.Stat.Ann. § 5953, dealing with the annuity in question, provides “the right of a person to any benefit or right accrued or accruing under the provisions of this part and the moneys in the fund . . . shall be unassignable ..” Relying on cases found at 37 A.L.R.2d 1258, Taxpayer contends that an assignment prohibition is ineffective where assignment is made merely of money due under a contract. However, these cases all deal with prohibitions found in contract clauses, except for Dickson v. City of St. Paul, 97 Minn. 258, 106 N.W. 1053 (1906) which concerned provisions in a city charter. In the instant case the prohibition is embodied in the statute creating the annuity and cannot be said to be an improper restraint on the right of individuals to contract. Pennsylvania recognizes that a right may not be effectively assigned where such assignment is prohibited by the writing creating the right. Concrete Form, Inc. v. W. T. Grange Constr. Co., 320 Pa. 205, 181 A. 589 (1935).
Taxpayer devotes much attention to classifying the annuity provisions of the separation agreement as a property division rather than alimony. Such a distinction is *1149 unnecessary because no transfer of annuity rights has taken place at all. Because the assignment was ineffective, Taxpayer has a statutory and contractual right to the full monthly payment of $2,058.66. Whether because of the separation agreement and the judgment of divorce he is obligated to pay his former wife $1,050 per month has no effect on his tax liability. “The one who is to receive the income as the owner of the beneficial interest is to pay the tax.” Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 12, 57 S.Ct. 330, 333, 81 L.Ed. 465 (1937). There being no valid assignment, Taxpayer remains the owner.
Even if the attempted assignment did effect a transfer of the right to income, it would still be ascribed to Taxpayer under Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75 (1940) and Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930). Taxpayer seems to assert that the application of those principles is dependent upon the existence of a tax avoidance purpose, but such a condition does not appear.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.