## DEFFENBAUGH *v.* FOSTER.

CITY.—*Street Improvements.—Assignment of Contract.—Consent of City.*—
Where a contract for a street improvement in a city contains a provision that the contract shall not be assigned without the consent of the common council, no one besides the contractor can maintain an action on a precept issued to

such contractor, upon an allegation that he has done the work by agreement with the contractor, without an averment also of the assignment of the contract by the consent of the council.

APPEAL from the Howard Common Pleas.

PETTIT, C. J.—This was an appeal from a precept issued by the common council of the city of Kokomo against the appellee, in favor of one Davis, the contractor, for street improvement in front of appellee's property.

Davis was the bidder and contractor for the work, and gave the bond; he made the affidavit for the precept, and it issued in his name against Foster, a property holder. In the common pleas court the case was docketed, "*Foster* v. *Deffenbaugh.*" On the second day of the term Deffenbaugh had Foster defaulted, and took judgment in his favor for the amount of the precept against Foster, and an order for the sale of his land. On a subsequent day of the term Foster appeared and moved the court to set aside the default and judgment against him, because Deffenbaugh had no complaint or right of action in court against him. This motion was properly sustained.

Thereupon Deffenbaugh filed what is called an amended complaint; the original and only complaint was and must be the proceedings of the council, the acts of the contractor and the city officers. This amended complaint by Deffenbaugh says that he did the work by agreement with Davis, and is entitled to the pay for it, and asks that he be allowed to prosecute the suit for his benefit against Foster. In the contract of Davis with the city, this provision is contained: "It is hereby expressly understood that no assignment of this contract shall be made to any other party without the consent of the common council."

The so called amended complaint does not state that the contract was assigned to Deffenbaugh, either with or without the consent of the council.

There was a demurrer to this amended complaint, for want of sufficient facts, sustained.

There was no error in this ruling. The contract was not

assigned, nor could it be without the consent of the council, and Deffenbaugh had no right, in this proceeding, to come in and demand a judgment against Foster.

By the provision in the contract, against its assignment, the city and the property owner are alike secured and protected against improper and unfaithful substitutes for the original contractor.

Deffenbaugh having no right or cause of action in this case, judgment for costs was properly rendered against him. This does not affect the right of Davis under the precept.

The judgment is affirmed, at the costs of the appellant.*

*C. N. Pollard*, for appellant.

*C. D. Murray* and *M. Garrigus*, for appellee.

*Petition for a rehearing overruled.