[No. 7180. Decided September 22, 1908.]

ADOLPH BEHRENS *et al.*, *Appellants*, v. FRANCIS W. CLOUDY, *Respondent*.[1]

LANDLORD AND TENANT—LEASE—ASSIGNMENTS—COVENANTS — OPTION TO SELL. In a lease for the term of five years, containing as a part thereof an option to sell to the lessee within a specified time, a covenant not to let or underlet or assign the lease, or any part thereof, without the written consent of the lessor, applies to the option to sell; and an assignee of the option without the written consent of the lessor is not entitled to a specific performance of the option.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 23, 1907, upon findings in favor of the defendant, after a trial before the court without a jury, in an action for specific performance. Affirmed.

*S. D. King*, for appellants.

*J. H. Allen*, for respondent.

RUDKIN, J.—On the 24th day of March, 1906, the defendant Cloudy leased the premises now in controversy to M. Frances Kelly, for a term of five years from that date. The lease contained the following covenants, among others:

"The said party of the first part [lessor] agrees to sell to said party of the second part [lessee] the said described property at any time within eight months from and after the date hereof, for and in consideration of the sum of $9,000; terms one-half cash and balance in five years."

Also:

"And the said party of the second part does hereby covenant, promise and agree . . . not to let or underlet the

[1]Reported in 97 Pac. 450.

whole or any part of said premises without the written consent of the said party of the first part, nor to assign this lease or any part thereof without such written consent."

On the 28th day of May, 1906, the lessee, M. Frances Kelly, her husband joining, attempted to assign the option to purchase to the plaintiffs in this action, without the written consent of the lessor and against his will and protest. This action was thereafter instituted to enforce specific performance of the agreement to sell. From a judgment in favor of the defendant, the present appeal is prosecuted.

The parties to the original lease might lawfully covenant that no assignment of the lease or any part thereof should be valid without the written consent of the lessor, and an assignment in violation of such covenant would confer no rights on the assignee. *Burck v. Taylor*, 52 U. S. 634, 13 L. Ed. 845 ; *Tabler, Crudup Co. v. Sheffield Land, Iron & Coal Co.*, 79 Ala. 377, 58 Am. Rep. 593; *Deffenbaugh v. Foster*, 40 Ind. 382 ; *Andrew v. Meyerdirck*, 87 Md. 511, 40 Atl. 173 ; *Omaha v. Standard Oil Co.*, 55 Neb. 337, 75 N. W. 859. We think it equally clear that the covenant against assignments extended to and included the option to sell. The language of the covenant was that the lessee would not let or underlet or assign the lease, or any part thereof, without the written consent of the lessor. The option to sell was a part of the lease, and was evidently so intended by the parties. It will not be presumed that the lessor demised the premises to one person for a term of five years and agreed to sell to another at any time within eight months.

The appellants have no standing in court under their assignment, and without discussing other questions presented by the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.