## In re MINNESOTA VALLEY CANNING CO.

### Patent Appeal No. 2736.

Court of Customs and Patent Appeals.
May 25, 1931.

William L. Symons and Semmes & Semmes, all of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant seeks to register the trade-mark "Off the Cob," to be used on canned corn. The examiner of interferences denied registration on the ground that the mark was descriptive, and this decision, on appeal to the Commissioner of the United States Patent Office, was affirmed upon the same ground.

The argument is made here that the mark "Off the Cob" is not descriptive but only suggestive, and that it should therefore be registered.

The Supreme Court of the United States, in Warner & Co. v. Eli Lilly & Co., 265 U. S. 526, 528, 44 S. Ct. 615, 616, 68 L. Ed. 1161, said: "A name which is merely descriptive of the ingredients, qualities or characteristics of an article of trade cannot be appropriated as a trade-mark and the exclusive use of it afforded legal protection." Applying this rule to the case at bar, we have no doubt that the designation "Off the Cob," as applied to canned corn, is merely descriptive of the qualities or characteristics of the corn. If one were to apply the mark "On the Cob" to canned corn which had been cut from the cob before canning, it would plainly be misdescriptive. It is also true that to apply to it the designation "Off the Cob" is descriptive.

Reference is had to the following cases decided by this court: Chicago Pneumatic Tool Co. v. Black & Decker Mfg. Co., 39 F.(2d) 684, 17 C. C. P. A. 962, where we held the word "Hycycle," applied to electrical tools, to be descriptive; and In re Autographic Register Co., 39 F.(2d) 718, 17 C. C. P. A. 1044, where we held the word "Autographic," applied to manifold registers and similar articles, to be descriptive; California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C.

P. A. 1198, where we held the term "Calcyanide," as a trade-mark for fumigants, to be descriptive. Other similar cases where words have been held descriptive are: L. P. Larson, Jr., Co. v. Wm. Wrigley, Jr., Co. (C. C. A.) 253 F. 914, involving "Spearmint"; Ginter v. Kinney Tobacco Co. (C. C.) 12 F. 782, involving "Straight Cut"; Sears & Nichols Co. v. Brakeley, 38 App. D. C. 530, involving "Evergreen"; Kellogg Toasted Corn Flake Co. v. Quaker Oats Co. (C. C. A.) 235 F. 657, involving "Toasted Corn Flakes"; Chapin-Sacks Co. v. Hendler Creamery Co. (D. C.) 231 F. 550, involving "The Velvet Kind." In these cases the subject of descriptiveness was thoroughly gone into and no necessity arises for a further discussion of that question.

The decision of the Commissioner of Patents is affirmed.

Affirmed.