## FULLER v. FAVORITE THEATERS CO. OF SALT LAKE.

No. 7640. Decided April 23, 1951. (230 P. 2d, 335.)

See 6 C. J. S., Assignments, Sec. 31. Contractual provision against assignability, 4 Am. Jur., Assignments, Sec. 12; 76 A. L. R. 1307.

*Gordon I. Hyde,* Salt Lake City, for appellant.

*A. W. Sandack,* Salt Lake City, for respondent.

PER CURIAM.

After a pretrial hearing in the lower court, the trial judge dismissed the action upon two grounds: First, that the complaint did not state a cause of action; and second, that the cause of action upon which the plaintiff bases his complaint was not assignable. Plaintiff appeals to review that ruling.

From the briefs and the oral arguments, it appears that the court based its ruling on both grounds upon this provision of the contract: "Sixth: This license shall not be assigned by either party without the written consent of the other, and the sale or transfer by the exhibitor of all or any part of his interest in the theater specified herein shall not relieve him of his obligations hereunder without the written consent of the distributor and its home office in New York City first had and obtained."

The defendant's assertion is that this clause prohibiting the assignment of the contract also prevented the assignment of a cause of action for a breach of the contract. Plaintiff claims and pleads that before he received his assignment, the defendant had breached the contract giving rise to an action for damages. He bases his claim for re-

covery upon the right to damages for the breach and not upon the contract itself. With this contention we agree, the provision prohibiting the assignability of the contract itself does not affect the assignability of a cause of action which has arisen from the breach. *Williston on Contracts,* Rev. Ed., Sec. 412; 6 C. J. S., Assignments, § 31, p. 1080.

The defendant raised for the first time in this court, certain other objections to the plaintiff's right of recovery; that the document referred to by plaintiff and relied on by him is not in fact a contract; that it is lacking in mutuality of obligation; that the provision for liquidated damages was in fact a penalty; and that there was not and could be no breach of the purported contract.

We do not disagree with the point that respondent makes that ordinarily a respondent may urge any matter appearing in the record in support of its judgment. *U. S.* v. *American Railway Express Co.,* 265 U. S. 425, 435, 44 S. Ct. 560, 68 L. Ed. 1087; *LeTulle* v. *Scofield, Collector,* 308 U. S. 415, 421, 60 S. Ct. 313, 84 L. Ed. 355; *Town of South Tucson* v. *Tucson Gas & Electric Power Co.,* 49 F. 2d 847. However, the propositions urged by the respondent here, not only were presented to the lower court, but their determination would require the taking of evidence and a detailed analysis of the contract in the light thereof. Such matters are not properly before this court.

The order of dismissal entered by the trial court is vacated and the cause is remanded for further proceedings consistent with this opinion.