**Oscar Daniel FORD and Nona R. Ford, Plaintiffs–Appellants,**

v.

**Joe F. ROBERTSON, et al., Defendants–Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

July 15, 1987.

Permission to Appeal Denied by Supreme Court Sept. 28, 1987.

John J. Mulrooney, Parrish & Mulrooney, Memphis, for plaintiffs-appellants.

Deborah B. Walls, Wilson, McRae, Ivy, Sevier, McTyier & Strain, Memphis, for defendants-appellees.

Eugene J. Podesta, Jr., Memphis for Joe F. Robertson.

BROOKS McLEMORE, Special Judge.

The dispositive issue in this case is whether rights of an owner resulting from breach of contract of a fully executed contract with an architect may be assigned by the owner absent the consent of the architect where the owner-architect contract provides that "neither the owner nor the architect shall assign, sublet or transfer any interest in this agreement without the written consent of the other." [1]

The owner, Joe F. Robertson, entered into a standard American Institute of Architects Contract with the Architects, Yeates–Gaskill–Rhodes, Architects, Inc., for the latter to perform architectural services in connection with the renovation of seventy-two apartment units.

The contract contained the following provision:

The Owner and the Architect, respectively, bind themselves, their partners, successors, assigns and legal representatives to the other party to this Agreement and to the partners, successors, assigns and legal representatives of such other party with respect to all convenants of this Agreement. Neither the Owner nor the Architect shall assign, sublet or transfer any interest in this Agreement without the written consent of the other.

On June 12, 1981, the Architects issued a Certificate of Substantial Completion certifying that the renovation was sufficiently complete, in accordance with the Consent Documents, so that the apartments would be occupied for the use for which they were intended. The Architects were paid in full and their contract fully executed.

The owner then sold the apartments to plaintiffs, executing a "Warranty Deed, Bill of Sale and Blanket Assignment." This instrument, in addition to warranting title and quiet possession of the apartments to plaintiffs, includes the following provision:

3. Grantor's right, title and interest in and to all leases and other contracts (including, without limitation, all warranties, guaranties and bonds,) affecting the property described in the foregoing paragraphs 1 and 2.

After purchasing the apartment units on August 20, 1981, the plaintiffs became dissatisfied with the condition of the units and filed suit against Robertson, the Architects and others on April 8, 1983. The plaintiffs specifically sued the Architects for damage for breach of contract by certifying that work required to be performed pursuant to the rehabilitation contracts was performed and completed when such work was neither performed nor completed; negligence in planning, supervising and approving the construction work required by the rehabilitation contracts; and breach of warranties of substantial completion, habitability and

---

1. Five issues were presented on appeal. Three of these issues deal with the correctness of the trial court's actions in granting summary judgment in favor of the defendant Joe F. Robertson. A Notice of Bankruptcy of Joe F. Robertson, *et. ux.* and Stay of further Action by appellants having been filed by counsel of Joe F. Robertson and the plaintiffs having stated through counsel in oral argument before this Court that they are prohibited by law from proceeding in this Court against the appellee-defendant Robertson, we will not address the issues presented by the appellant against Robertson at this time.

reasonable fittness for the intended purpose.

The trial court sustained a motion for summary judgment on behalf of the Architects. The statement of the court for its action in part was "that the terms of the contract should be given effect, thus making the assignment of the *contract* from the Robertsons to the Fords invalid."

We conclude from the language used by Robertson to effect the conveyance and assignment that he conveyed not only his fee simple interest in the property but also he conveyed and assigned every right and interest of whatever kind he had in the property.

■ We also conclude that under the circumstances of this case that if Robertson was entitled to recover damages from the Architects for breach of contract that he could assign this right to plaintiffs and that they may enforce this right that Robertson previously possessed. The law draws a distinction between the right to assign performance under a contract and the right to receive damages for its breach. The nonassignability clause prohibits the assignment or transfer of any "interest in this agreement." This "any interest" language must be construed to mean any interest in the performance of the *executory* contract.

Plaintiffs contend, and we agree, that this is a suit for damages for breach of a fully *executed* contract and is not a suit for performance by the Architects of an executory contract. What the plaintiffs acquired by the assignment was any claim that Robertson had against the Architects for money damages for nonperformance and such a claim is not within the scope of the clause prohibiting assignment of "any interest in this agreement."

■ This right which Robertson assigned is a chose in action and choses in action are assignable in Tennessee. In *Kivett v. Mayes*, 49 Tenn.App. 272, 354 S.W. 2d 492 (1961), this Court said:

In the absence of statute, an obligee has a right to assign a chose in action and the general rule is that the unqual-

ified assignment of such right of action vests in the assignee the title thereto to the same extent as the assignor had it at the date of the assignment. (Citing authorities.)

We have not been cited any Tennessee cases dealing with the specific issue raised and discussed here, however, there are numerous cases from other jurisdictions which hold that a contractual provision prohibiting assignment of a contract by either party without the other party's written consent does not prohibit the assignment of a cause of action for breach of the contract. *Cordis Corp. v. Soncis International, Inc.*, 427 So.2d 782 (Fla.App.1983); *Grady v. Commers Interiors, Inc.*, 268 N.W.2d 823 (S.D.1978); *Fuller v. Favorite Theaters Co.*, 119 Utah 570, 230 P.2d 335 (1951); *Trubowitch v. Riverbank Canning Co.*, 30 Cal.2d 335, 182 P.2d 182 (1947). *Restatement Contracts*, (Second) Section 322 (1979) is in accord and the reason for the rule is stated at 6 *Am.Jur.*2d *Assignments* § 33, p. 218 (1963):

Even though an executory contract may be nonassignable because of its personal nature, because of a provision therein for nonassignment, or for other reasons, after an event which gives rise to a liability on the contract, the reason for the rule disappears and the cause of action arising under the contract is assignable. Thus, as indicated elsewhere, claims for money due under a contract which is nonassignable because of its personal nature may be assigned to a third person and enforced by the assignee ...

The plaintiffs now stand in the position of Robertson with respect to all rights and claims which he had against the Architects for breach of the Owner–Architect contract. Accordingly, the plaintiffs' claims against the Architects are not dependent upon plaintiffs' privity with the Architects or an assignment of the Owner–Architect contract but are dependent upon the assignment of a cause of action for breach of an executed contract.

The judgment of the trial court granting summary judgment of dismissal against

the Architects is reversed and the case is remanded to the trial court for any appropriate action not inconsistent with this opinion.

Disposition by this Court of the issues presented by appellants as to actions and findings of the trial court with respect to Joe F. Robertson is held in abeyance in this Court until such time as the Court is properly advised by one or more of the parties that stay of further action pursuant to the bankruptcy laws is no longer in effect as to Joe F. Robertson, or as to such time as the Court is of the opinion that it should properly dispose of said issues.

One-half the costs of this appeal are taxed against appellees, Yeates–Gaskill–Rhodes, Architects, Inc., for which let execution issue, if necessary. Judgment as to payment of the remainder of the costs will await the disposition of the issues raised by appellants with respect to the appellee Robertson.

CRAWFORD and HIGHERS, JJ., concur.