# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00303-CR

**Daniel Rodriquez Ortiz, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 4770, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

In November 2000, appellant Daniel Rodriguez Ortiz pleaded guilty to the felony offense of retaliation, *see* Tex. Pen. Code Ann. § 36.06 (West Supp. 2002), enhanced with two prior felony convictions. As part of his plea agreement, the district court deferred adjudication of guilt and placed appellant on community supervision for ten years. In May 2001, after a hearing on the State's motion to revoke, the court revoked appellant's supervision, adjudicated him guilty, and imposed a sentence of imprisonment for twenty-five years.

Appellant contends the district court failed to properly admonish him of the range of punishment during his guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2002). In his sole point of error, appellant argues that, because the range of punishment for his offense as enhanced was twenty-five to ninety-nine years instead of the *fifteen* to ninety-nine year range as he was admonished, the trial court committed reversible error. Because

appellant failed to demonstrate that he was harmed by the incorrect admonishment, we affirm the judgment.[1]

## DISCUSSION

The Code of Criminal Procedure sets forth at article 26.13 the necessary admonishments that must be given to a criminal defendant in a felony guilty plea. *See id.* art. 26.13. The pertinent sections of article 26.13 state:

> (1) Prior to accepting a plea of guilty . . . the court shall admonish the defendant of:
>
> (1) the range of punishment attached to the offense;
>
> *** *** ***
>
> (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

*Id.*

Relying on *Martinez v. State*, 953 S.W.2d 804 (Tex. App.—Corpus Christi 1997), *rev'd*, 981 S.W.2d 195 (Tex. Crim. App. 1998), appellant urges that an incorrect admonishment as to the range of punishment at a guilty plea must necessarily result in the reversal of his probation revocation. Appellant is correct that the facts of *Martinez* are similar to this case. There, the court of appeals reversed Martinez's conviction, holding that his initial plea of guilty was not voluntarily made because he was incorrectly admonished as to the *maximum* range of

---

[1] Arguably, this contention should have been raised in an appeal from the original plea proceeding. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The State does not raise this issue and we do not address it.

2

punishment for his offense. *Id.* at 807. Facing a range of two to ten years, Martinez was mistakenly advised on his written form of the possibility of a life sentence. *Id.* Thus, the written admonishment that appellant signed indicated that the punishment to which he was exposed was "confinement in prison for life or for any term of not more than 10 years or less than 2 years." *Id.* at 805. In admonishing Martinez, the trial court inquired as to whether appellant was aware of the applicable punishment range in his case, but did not iterate the actual range of imprisonment he faced. *Id.* at 807.

But appellant's reliance on *Martinez* is misplaced because it was reversed by the court of criminal appeals. *See Martinez v. State*, 981 S.W.2d 195 (Tex. 1998). There, the court held that when a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, substantial compliance is attained so long as the actual sentence lies within both the actual and misstated maximum. *Id.* at 197. Here, the actual sentence imposed falls within the actual twenty-five to ninety-nine year punishment range and the admonished sentence of fifteen to ninety-nine years. Thus, appellant must show harm different from the actual sentence imposed.

Appellant does not assert, nor is there any indication in the record, that he would not have entered a guilty plea if the minimum length of imprisonment had been twenty-five instead of fifteen years. Among the consequences of a violation of the conditions of deferred adjudication supervision is an adjudication of guilt, after which assessment of punishment and imposition of sentence continue as if adjudication had not been deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2002). Following the adjudication, then, the court may assess any punishment within the range applicable to the offense. *Robinson v. State*, 739 S.W.2d

3

795, 801 (Tex. Crim. App. 1987); *see also Watson v. State*, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996) ("[W]hen a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law."). This is true even if the original guilty plea was made pursuant to a plea agreement. *Ditto v. State*, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999).

The record at the initial plea of guilty indicates that there may have been some confusion over the minimum sentence the offense, as enhanced, carried. It was defense counsel who suggested that the court was mistaken as to the range and that, as an habitual offender, appellant was exposed to fifteen to ninety-nine years. But appellant does not claim that he did not know he could receive a minimum of twenty-five years. Nor does he assert that he was more likely to plead guilty to an offense carrying a minimum sentence of fifteen years than twenty-five. Appellant was sentenced within the range of punishment as admonished by the trial court. We conclude that the district court substantially complied with the requirements of article 26.13.[2]

---

[2] The court's docket sheet carried the correct range of punishment. In his closing argument at the time of sentencing, the prosecutor stated: "In the Court granting the deferred adjudication last year, I believe the Defendant realized that if he didn't follow the terms of the probation he was looking at a minimum of 25 if he was revoked." Defense counsel then responded that the court had two options: "One option is to go ahead and sentence him to 25 to 99 or life. Option number two would be to, on the Court's own motion, to place him back on a deferred adjudication." While there is no indication that appellant saw the correct range on the docket sheet, there is nothing in the record to indicate appellant was misled at the time of sentencing following his revocation. Appellant made no request to withdraw his plea at the time of the revocation hearing, nor did he file a motion for new trial. *See* Tex. R. App. P. 33.1(a).

4

Without a showing that his guilty plea was actually induced by the misinformation, appellant has not demonstrated harm that would entitle him to reversal. *See Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997). The record contains no evidence that tends to show that appellant was actually harmed or misled in making his initial determination to enter a guilty plea. He merely argues that the information was incorrectly presented at his initial sentencing hearing.

We conclude that appellant has not demonstrated that he relied on the incorrect portion of the admonishment in choosing to enter a plea of guilty. We further conclude that the trial court substantially complied with its admonishment requirements. Appellant's point of error is overruled.

## CONCLUSION

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   January 10, 2002

Do Not Publish