(130 P.3d 128)

No. 93,662

MISSOURI BANK & TRUST COMPANY, *Appellee*, v. GAS-MART DEVELOPMENT COMPANY, INC. and GAS-MART U.S.A., INC., *Appellants*.

Opinion filed March 10, 2006.

*S.W. Longan, III,* and *Patricia L. Lear-Johnson,* of Longan & Associates, of Leawood, for appellants.

*Thomas J. Fritzlen, Jr.,* of Martin, Leigh, Laws & Fritzlen, P.C., of Kansas City, for appellee.

Before ELLIOTT, P.J., GREEN and GREENE, JJ.

GREENE, J.: Gas-Mart U.S.A., Inc. (Gas-Mart), the successor in interest and surviving corporation after its 2002 merger with Gas-Mart Development Company, Inc., appeals the district court's judgment confirming an arbitration award of $122,569.97 (after setoff) in favor of Cherry & Associates, Inc. (Cherry or contractor) and its assignee, Missouri Bank & Trust Co. (Missouri Bank), as a result of claims by and between Gas-Mart and Cherry under a construction contract. Gas-Mart argues that (i) the district court committed procedural error in granting a motion for judgment on the pleadings; (ii) the district court erred in relying on a prior ruling as law of the case; and (iii) the contract prohibited the assignment to Missouri Bank. We affirm, concluding that there was no procedural error, no error in relying on the prior decision, and no prohibitive assignment to Missouri Bank of the rights of Cherry in the arbitration proceeding.

*Factual and Procedural Background*

In September 1999, Gas-Mart entered into a contract with Cherry as contractor to construct a "Conoco Breakplace" in Leavenworth. In December 2000, Cherry filed a demand for arbitration alleging payments due under the contract in the amount of $192,808.75. Gas-Mart responded with claims totalling $270,000, based on allegations that construction costs had either not been properly documented or were inflated.

In July 2001, Cherry assigned its right, title, and interest in the arbitration proceeding to Missouri Bank. Gas-Mart objected to the assignment, claimed that Missouri Bank was not a real party in interest, and filed a petition in district court to stay the arbitration. The district court found there was a valid assignment to Missouri Bank and denied the motion to stay arbitration.

In May 2003, the arbitrator issued an award in favor of Cherry finding that Cherry was entitled to $164,150.85 but set off valid claims of Gas-Mart totalling $41,580.88, for a net award to Cherry of $122,569.97 plus interest. Missouri Bank then filed a petition in district court to confirm the arbitration award, and Gas-Mart filed a response seeking to vacate or modify the award.

In December 2003, Missouri Bank filed a motion for judgment on the pleadings or in the alternative for summary judgment. After a hearing on the motion, the district court confirmed the arbitration award, which was modified on reconsideration to adjust the rate of interest. Gas-Mart appeals.

*Did the District Court Commit Procedural Error in Addressing the Motion for Judgment?*

Gas-Mart argues that the district court erred in granting the motion for judgment because it did not conform to the requirements for summary judgment and it did not allow Gas-Mart an opportunity to develop and present its evidence. More specifically, Gas-Mart claims that the motion violated Supreme Court Rule 141 (2005 Kan. Ct. R. Annot. 205), requiring separate statements of uncontroverted fact and that it was denied an opportunity to depose a key witness.

We must determine at the outset whether the motion was one for judgment on the pleadings under K.S.A. 60-212(c) or a motion for summary judgment under K.S.A. 60-256. This determination controls both the required procedure for the district court as well as our standard of review on appeal. We review an order granting judgment on the pleadings with the same rules applicable in district court. See *Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman,* 267 Kan. 245, 250, 978 P.2d 922 (1999).

Missouri Bank's motion was entitled "Plaintiff's Motion for Judgment on the Pleadings, or in the alternative, for Summary Judgment." It was accompanied by "Suggestions in Support," which noted that Gas-Mart had admitted all allegations of the petition for confirmation of the award, except four paragraphs addressing service (previously determined sufficient by the court), unenforceability of assignment (previously determined enforceable by the court), and status of pleadings (merely noting that a motion to modify or vacate the award was on file). The suggestions in support then argued that Gas-Mart had not alleged any grounds sufficient to vacate or modify the award under K.S.A. 5-412 or K.S.A. 5-413 and attached only the memorandum opinion of the court on the issues of assignment and stay of arbitration, together with a copy of the award of the arbitrator, which was previously attached to the initial petition and incorporated therein. In response, Gas-Mart urged the court to consider the motion as one for summary judgment but failed to object to any procedural irregularity in the motion or suggestions in support. Instead, the response argued that the initial response to the petition alleged 29 facts in support of vacatur or modification, and then argued that the assignment was prohibited or fraudulent and that prior rulings on these issues were not res judicata or law of the case because they lacked finality.

The district court's journal entry noted that the only paragraphs of the initial petition that were not admitted by Gas-Mart addressed claims previously resolved by the court. With regard to the factual allegations contained in Gas-Mart's initial response, the court found:

"Defendants' answer to the petition to confirm the arbitration award also included defendants' allegations in paragraphs 13 through 42. Paragraphs 13 and

14 related to the assignment issues, which has already been resolved. Paragraphs 14, 15, 16, 17, 18 and 19 are allegations related to the payment by Cherry & Associates, Inc. to sub-contractors, whether or not liens were filed or claimed. The Court assumes that the allegations of paragraphs 14 through 19 are true for purposes of this hearing.

"The Court also assumes that the allegations of paragraphs 20, 21, 22, and 23 are true for purposes of this proceeding.

"Paragraphs 24, 25, 26, and 27 relate to the assignment of claims, which has already been decided and ruled upon, and therefore the Court has disregarded those allegations, and finds that they are not relevant.

"The Court assumes as true the allegations of defendants' answer paragraphs 28 through 41. Paragraph 42 of defendants' answer relates to service, which is no longer a relevant issue."

The court then addressed the substance of Gas-Mart's arguments based upon the assumption that its factual allegations were true and determined that "there are simply no alleged facts that would form the basis to vacate, modify, or overturn the award."

Although the district court apparently considered the motion as one for summary judgment, we disagree with this characterization. K.S.A. 60-212(c) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." See *Buckle v. Caylor*, 10 Kan. App. 2d 443, 444, 700 P.2d 979 (1985). Here, there was no indication that the district court considered any "matters outside the pleadings." Gas-Mart argues that the motion presented two attachments, the prior memorandum decision and the award of arbitration, but we consider neither a matter "outside the pleadings," especially because the memorandum decision resolved issues between the same parties at a prior stage in the same litigation and the award of arbitration was referenced and incorporated within the initial petition of Missouri Bank. Careful scrutiny of the district court's journal entry reveals that its entire analysis was limited to the pleadings of the parties; the record does not reflect nor does Gas-Mart argue that additional factual material was referenced or considered. Accordingly, the motion was treated as one for judgment on the pleadings; the procedure for motions for summary judgment, including applicability of Rule 141 was entirely inapplicable to these proceedings.

Even if we were to consider the motion as one for summary judgment, we would reject the arguments of Gas-Mart regarding purported violations of Rule 141. The first objection of any kind by Gas-Mart to procedural irregularities in the plaintiff's motion or to any failure to observe the procedures of Rule 141 was made *after* the district court announced its ruling. The written response of Gas-Mart to the motion was silent as to any purported procedural error; moreover, we note that Gas-Mart apparently had no difficulty in responding to its satisfaction to the factual presentation and arguments made in the motion. Where the party opposing a summary judgment motion fails to object timely to any violation of Rule 141 procedures, we consider the purported violation waived both in district court and for purposes of appeal.

Gas-Mart also complains that it was "unable to present all matters relevant to the Motion" because it "was trying to locate Randall Cherry to take his deposition to develop additional facts." Although Gas-Mart suggests that it informed the district court of its need to take this deposition, no such notification was given until *after* the district court had announced its decision. Moreover, the first time of any suggestion that there was a need for this deposition was after discovery had closed pursuant to the district court's scheduling order, and no efforts had yet been made to notice the deposition or to modify the scheduling order. It is incumbent upon a party that requires additional discovery to defend a summary judgment motion to seek a continuance to conduct that discovery. *Money v. Ft. Hays State Univ. Endowment Ass'n*, 31 Kan. App. 2d 322, Syl. ¶ 4, 64 P.3d 458, *rev. denied* 276 Kan. 969 (2003). We have no difficulty in applying this rule under these circumstances.

We conclude that the district court committed no procedural error in granting the motion for judgment on the pleadings, and we decline Gas-Mart's request to remand for discovery and re-hearing.

*Did the District Court Err in Concluding that a Prior Order of the Court was Res Judicata and the Law of the Case?*

Gas-Mart next argues that the district court erred in finding the prior decision of a different district judge at an earlier stage of the

same litigation involving the same parties to be res judicata or law of the case. The prior decision was made prior to the arbitration award pursuant to Gas-Mart's motion to stay the arbitration on grounds that Missouri Bank was not a real party in interest. This motion framed the issue as whether the construction contract's express prohibition on assignment precluded the assignment of the contractor's right, title, and interest in the arbitration proceedings. District Judge Janice D. Russell refused to stay the arbitration, concluding that the nonassignability clause in the construction contract was inapplicable to a post-contract assignment of the related chose in action, and that Missouri Bank was a real party in interest so long as the arbitrator considered Gas-Mart's claims against Cherry as setoffs.

In the journal entry granting judgment to Missouri Bank, District Judge Thomas E. Foster addressed the prior decision in this manner:

"The Court finds that the issue concerning the assignment of claims was previously addressed by the Honorable Janice Russell in that case styled *Gas-Mart Development, Inc. v. Cherry & Associates, Inc., et al.*, case number 03CV1057, in which the same parties were involved. That case involved Gas-Mart Development, Inc.'s petition to enjoin the arbitration process. Judge Russell entered her memorandum opinion on April 25, 2003. The Court finds that her ruling controls the assignment issue in this case and is res judicata and the law of this case."

Significantly, however, the district court did not stop with this finding. The court stated its independent agreement with the prior decision:

"The Court also finds independently that Judge Russell's memorandum accurately sets forth the law, that defendants have no standing to challenge the assignment and that their only interest is to assure they are not required to pay twice on the same claim. Judge Russell ruled that Gas-Mart Development, Inc. has no standing to challenge the assignment and that its only interest in the assignment is to assure that they are not required to pay the same judgment twice."

We agree with Missouri Bank that the independent ruling by the district court renders its findings of res judicata and law of the case to be of no legal consequence. No further discussion of this challenge is merited. We note, however, that Gas-Mart's argument suggesting that the inability to appeal the prior order requires that

it be considered neither res judicata nor law of the case is seriously flawed.

The law of the case doctrine as recognized and applied in Kansas is discussed in *State v. Collier*, 263 Kan. 629, 631-37, 952 P.3d 1326 (1998).

"The doctrine of the law of the case is not an inexorable command, or a constitutional requirement, but is, rather, a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so. This rule of practice promotes the finality and efficiency of the judicial process. The law of the case is applied to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." 263 Kan. 629, Syl. ¶ 2.

The court went on to acknowledge that law of the case requires no final judgment for its application.

"The law of the case and collateral estoppel are different in that collateral estoppel prevents the relitigation of issues in successive suits between the same parties; the law of the case prevents relitigation of the same issues within successive stages of the *same* suit. Res judicata differs from the law of the case in that it settles the rights of the parties once the judgment is final. The law of the case does not settle rights; it only settles the law to be applied in determining the rights of the parties. Also, many courts view res judicata as a rule of law, whereas the law of the case is merely a practice to guide the court." 263 Kan at 634 (quoting Note, *McDonald's Corp. v. Hawkins and the "Law of the Case" Doctrine in Arkansas*, 50 Ark. L. Rev. 127, 130-31 [1997]).

We conclude that the district court did not err in applying the law of the case doctrine in these circumstances. The parties had previously joined identical issues for resolution in a previous stage of the same suit, and relitigation was not merited. Application of law of the case doctrine was appropriate under these circumstances and assured consistency and efficiency of the judicial process. Although the court was not obligated to add its independent determination of the issues already decided, doing so merely buttressed any reliance on the prior decision. We reject Gas-Mart's challenge to this procedure.

*Did the District Courts Err in Permitting the Arbitration to Proceed After Assignment of the Contractor's Claims to Missouri Bank?*

Finally, Gas-Mart challenges the decision of both district courts in allowing the arbitration to proceed after the contractor assigned its interest in the arbitration to Missouri Bank. Concluding that Gas-Mart has confused assignment of contractual performance with assignment of the right to damages for breach of the whole contract (or the resultant chose in action), we reject this claim of error.

The contract at issue was divided into sections. Section 1 was titled "THE PROJECT." Paragraph 1.6 stated: "ASSIGNMENT. The parties hereto agree not to assign *this Contract* without the prior written consent of the other party hereto." (Emphasis added.) Section 3 of the contract was titled "PAYMENT." It set forth the contract price and the process for submitting applications for progress payments and final payments as well as penalty and incentive provisions. Section 6.5 was titled "ARBITRATION" and contained an agreement "to attempt resolution of any claims arising from the performance of this contract" by mediation or arbitration.

In December 2000, Cherry filed its demand for arbitration for " 'payments due under a construction contract, including final payments and retainage, unpaid change orders and compensation for extra or additional work due to changes, plans and specifications, difference site conditions and negligent administration of the contract.' " On July 27, 2001, Cherry assigned to Missouri Bank & Trust:

"recourse, representation and warranty all of its right, title and interest in the claims of Assignor in that certain arbitration proceeding styled Cherry & Associates, Inc. v. Gas-Mart Development, Inc., American Arbitration Association No. 57 M 110 00501 00 (the 'Arbitration') in which Assignor made demand for the sum of $192,808.75 together with interest, attorneys fees and costs (the 'Claims')."

Gas-Mart argues that Cherry violated the contract by trying to assign its arbitration claims against Gas-Mart to Missouri Bank. The contract, however, forbade assignment of the contract itself, whereas Cherry did not assign the contract or its performance under the contract but rather assigned its chose in action or its arbitration claims for payments due under the completed contract. This key distinction was the basis for the district court's order, which recognized that choses in action are assignable. This fun-

damental principle was recently embraced by our Supreme Court in *Bolz v. State Farm Mut. Ins. Co.*, 274 Kan. 420, 52 P.3d 898 (2002).

"A chose in action is the right to bring an action to recover a debt, money, or thing. Black's Law Dictionary 234 (7th ed.1999). It has long been recognized in Kansas that all choses in action, except torts, are assignable. [Citations omitted.]" 274 Kan. at 423.

In *Bolz,* our Supreme Court found that a patient's assignment to a doctor of her right to be reimbursed for medical services received was the assignment of a chose in action. In so holding, the court recognized that restraints on alienation of property should be strictly construed against the party urging the restriction. 274 Kan. at 424-25. The *Bolz* court cited with approval the Restatement (Second) of Contracts § 322 (1979), which provides:

" '(1) Unless the circumstances indicate the contrary, a contract term prohibiting assignment of "the contract" bars only the delegation to an assignee of the performance by the assignor of a duty or condition.

"(2) A contract term prohibiting assignment of rights under the contact, unless a different intention is manifested,

(a) does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation.' " 274 Kan. at 425.

We conclude that *Bolz* is controlling here. Cherry's assignment of its right, title, and interest in its arbitration claims was not prohibited by the contract provision and was valid. The arbitration claims were fully assignable, and the district courts did not err in refusing to stay the arbitration.

Affirmed.