J-A25031-21

2021 PA Super 241

| | | |
|---|---|---|
| GITO, INC., D/B/A/ NELLO CONSTRUCTION, AS ASSIGNEE OF THE CLAIMS OF THE GREATER LATROBE SCHOOL DISTRICT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | No. 225 WDA 2021 |
| AXIS ARCHITECTURE, P.C. | : | |

Appeal from the Order Entered January 26, 2021
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  NO. 1706 of 2020

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                    **FILED:  December 10, 2021**

Gito, Inc., d/b/a/ Nello Construction (Nello), as assignee of the claims of the Greater Latrobe School District (School District), appeals from an order of the Court of Common Pleas of Westmoreland County (the trial court) sustaining preliminary objections in a breach of contract damages action that it brought against Axis Architecture, P.C. (Architect) and dismissing the action on the ground that an anti-assignment clause in the contract between School District and Architect barred assignment of claims for damages for breach of that contract.  For the reasons set forth below, we reverse.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This action arises out of contracts entered into by School District for the construction of an elementary school (the project). Architect provided design and architectural services for the project pursuant to a contract that it and School District entered into on October 1, 2015. Complaint ¶5 & Ex. A. The contract between School District and Architect contained the following provision:

> [School District] and Architect, respectively, bind themselves, their partners, successors, assigns and legal representatives to the other party to this Agreement and to the partners, successors, assigns and legal representatives of such other party with respect to all covenants of this Agreement. **Neither [School District] nor the Architect shall assign this Agreement without the written consent of the other, except that [School District] may assign this Agreement to an institutional lender providing financing for the Project.** In such event, the lender shall assume [School District's] rights and obligations under this Agreement. The Architect shall execute all consents reasonably required to facilitate such assignment.

*Id.* Ex. A at 11 Article 9.5 (emphasis added). Nello was the general trades prime construction contractor for the project under a March 2017 contract with School District. Complaint ¶14; Architect's Preliminary Objections ¶7; Plaintiff's Response to Architect's Preliminary Objections ¶7.

Delays occurred during the construction, and the project, which was to be substantially completed by August 3, 2018, was not substantially completed until November 28, 2018. Complaint ¶¶9, 13, 20, 23-24; Architect's Preliminary Objections ¶8; Plaintiff's Response to Architect's Preliminary Objections ¶8. Nello in February 2019 initiated an arbitration against School District in which it claimed that School District owed it over

$1.5 million for work that it performed on the project and additional costs caused by project delays. Architect's Preliminary Objections ¶9; Plaintiff's Response to Architect's Preliminary Objections ¶9. School District contested Nello's claims against it and asserted a counterclaim for liquidated damages and other damages caused by the delayed completion of the project. Architect's Preliminary Objections ¶10; Plaintiff's Response to Architect's Preliminary Objections ¶10.

In February 2020, Nello and School District entered into a settlement under which School District paid Nello $831,000 and assigned Nello all of School District's claims against Architect and the project's construction manager for losses sustained by School District due to the delay in the completion of the project. Complaint ¶¶6, 29 & Ex. B. This settlement agreement provided that Nello would bear all costs of prosecuting the assigned claims, including attorney fees and expert fees, and that Nello would retain 85% of any settlement of the assigned claims and pay 15% of any such settlement to School District without any reduction for attorney fees or other costs of prosecuting the assigned claims. *Id.* Ex. B.

On April 14, 2020, Nello as School District's assignee brought this breach of contract action against Architect seeking to recover damages that School District suffered as a result of Architect's design and construction documents and Architect's coordination and management of the project. On April 24, 2020, Architect filed preliminary objections to Nello's complaint that included

an objection that Nello lacked standing to bring suit as School District's assignee because Architect did not give any written consent to School District's assignment of its claims and the assignment was therefore prohibited by the contract between School District and Architect. On January 26, 2021, the trial court sustained this preliminary objection and dismissed the action with prejudice on the ground that the anti-assignment provision in the contract between School District and Architect invalidated School District's assignment of its damages claims to Nello. Trial Court Order, 1/26/21; Trial Court Opinion, 3/31/21.[1] This timely appeal followed.

Appellant presents the following single issue for our review:

Whether the Trial Court committed an error of law by holding that the language of Article 9.5 of the Contract prohibits another party from prosecuting the Greater Latrobe School District's claims.

Appellant's Brief at 4. This is a question of law as to which our review is plenary and *de novo*. ***Hospital & Healthsystem Association of Pennsylvania v. Department of Public Welfare***, 888 A.2d 601, 607 n.12 (Pa. 2005) (whether preliminary objections were properly sustained is a question of law subject to plenary, *de novo* review); ***Rosiecki v. Rosiecki***, 231 A.3d 928, 933 (Pa. Super. 2020) (contract interpretation is a question of law over which this Court's review is plenary and *de novo*).

---

[1] The trial court overruled Architect's other preliminary objections as moot. Trial Court Order, 1/26/21, at 3.

The issue in this appeal is a matter of first impression, as there is no Pennsylvania appellate precedent addressing whether an anti-assignment clause in a non-insurance contract that merely provides that neither party shall assign the contract or agreement or rights thereunder bars assignment of a post-performance claim for damages for breach of the contract.

Two decisions of our Supreme Court from the 1930s and 1940s involving construction contracts that had anti-assignment clauses, **Nolan v. J. & M. Doyle Co.**, 13 A.2d 59 (Pa. 1940) and **Concrete Form Co. v. W. T. Grange Const. Co.**, 181 A. 589 (Pa. 1935), have held or stated that an assignment of rights under a contract that prohibits assignment is void. Neither of those cases, however, involved application of a general prohibition on assignment of the contract or assignment of the agreement to an assignment of a post-performance claim.

In **Nolan**, the rights assigned in the parties' agreement included the assignor's performance of services under the contract and the assignment was made before the contract work was performed. 13 A.2d at 60-61. In addition, the Court's statement concerning the effect of an anti-assignment clause was not part of its holding, as the defense based on the anti-assignment clause was in fact rejected because the defendant was the assignor and was not the party whose consent to assignment was required. **Id.** at 63.

In **Concrete Form Co.**, the Court held that an anti-assignment clause in a construction contract barred assignment of the right to payment after the

construction was complete. The anti-assignment clause before the Court in **Concrete Form Co.**, however, did not merely prohibit assignment of the contract or agreement. Rather, it specifically provided that the assignor "**would not** 'sub-let any portion of the work of this contract or * * * **hypothecate, pledge or assign any payments thereunder** except by and in accordance with the consent of [the] contractor.'" 181 A. at 589 (emphasis added) (brackets and ellipses in original). Here, the anti-assignment provision prohibits only assignment of "this Agreement" and does not reference payments, claims for damages, or any post-performance claims. Complaint Ex. A at 11, Article 9.5.[2]

_____

[2] The cases other than **Nolan** and **Concrete Form Co.** on which the trial court based its ruling or that Architect contends show that Pennsylvania law invalidates this assignment provide even less authority on the issue before us. In **Pennsylvania Co. for Insurances on Lives & Granting Annuities v. Lebanon Building & Loan Ass'n**, 10 A.2d 418 (Pa. 1940), the Supreme Court held that there was no provision in the parties' contract prohibiting assignment and the language considered by the Court, which it held was not part of the contract, expressly prohibited assignment of the specific right that was assigned. **Id.** at 419 & n.2. The ruling in **Fran & John's Doylestown Auto Center, Inc. v. Allstate Insurance Co.**, 638 A.2d 1023 (Pa. Super. 1994) that the assignment was invalid was specifically rejected by our Supreme Court in **Egger v. Gulf Insurance Co.**, 903 A.2d 1219 (Pa. 2006) and is therefore not good law. **CGU Life Insurance Co. of America v. Metropolitan Mortgage & Securities Co.**, 131 F. Supp. 2d 670 (E.D. Pa. 2001) and **In re Greenly**, 481 B.R. 299 (Bkcy. E.D.Pa. 2012) are federal court decisions that, like **Concrete Form Co.**, involved contractual language that explicity prohibited assignment of the particular right that was assigned, not language that merely prohibited assignment of the contract or the agreement. **CGU Life Insurance Co. of America**, 131 F. Supp. 2d at 673; **Greenly**, 481 B.R. at 304, 307. Not only is **Amico v. Radius Communications**, 2001 WL 1807391 (C.P. Phila. Co. Oct. 29, 2001) a trial court decision not binding on
_(Footnote Continued Next Page)_

More recent decisions of our Supreme Court and this Court have rejected contentions that anti-assignment clauses bar assignment of rights to payment and claims for damages under insurance contracts. In *Egger v. Gulf Insurance Co.*, 903 A.2d 1219 (Pa. 2006), the Supreme Court held that an anti-assignment clause in an insurance policy that prohibits assignment of "rights and duties under this policy" without the insurer's written consent does not bar post-loss assignment of claims for payment of insurance coverage because a post-loss assignment does not alter the risk that the insurer agreed to insure. *Id.* at 1220, 1222-29. In *Chiropractic Nutritional Associates, Inc. v. Empire Blue Cross & Blue Shield*, 669 A.2d 975 (Pa. Super. 1995), this Court held that an anti-assignment clause in a group medical insurance policy providing that "[t]he right of a Member to receive payment is not assignable" did not bar assignment of a cause of action for failure to pay benefits and prosecution of the claim by the assignee. *Id.* at 982-84. Neither of these decisions resolves the question before us, however, because the Court in *Egger* based its ruling not only on the purpose of the anti-assignment clause, but also on the conclusion that an insurance policy prohibition of assignment of post-loss claims is void as against public policy and *Chiropractic Nutritional Associates, Inc.* was decided under federal law, not Pennsylvania law. *Egger*, 903 A.2d at 1224-25; *Chiropractic*

---

this Court, but the court in that case held that it was unclear that there was any assignment. 2001 WL 1807191 at *7 n.9.

***Nutritional Associates, Inc.***, 669 A.2d at 978-80. Because our case law has not addressed the issue here, we look to authorities outside our Commonwealth for their persuasive value. ***Newell v. Montana West, Inc.***, 154 A.3d 819, 823 & n.6 (Pa. Super. 2017).

Courts throughout the country have repeatedly held that anti-assignment clauses that prohibit assignment of the contract or agreement or prohibit assignment of rights or interests under the contract or agreement do not bar the assignment of post-contract performance claims for damages. ***See, e.g., Holland v. United States***, 74 Fed. Cl. 225, 255-58 (2006) (provision that "this Agreement may not be assigned to any party nor may any rights or obligations under it be transferred or delegated to or vested in any other party, through merger, consolidation, or otherwise, without the prior written consent of the [FSLIC]" did not bar assignment of claim for breach of the agreement) (brackets in original); ***Missouri Bank & Trust Co. v. Gas–Mart Development Co.***, 130 P.3d 128, 134 (Kan. App. 2006) (contract provision that "[t]he parties hereto agree not to assign this Contract without the prior written consent of the other party hereto" did not bar assignment of breach of contract and other damages claims under the contract) (emphasis omitted); ***Folgers Architects Ltd. v. Kerns***, 633 N.W.2d 114, 125-27 (Neb. 2001) (anti-assignment clause that "[n]either the Owner nor the Architect shall assign, sublet or transfer any interest in this Agreement without the written consent of the other" did not bar assignment

of architect's breach of contract claims for non-payment of its fees); ***Korte Construction Co. v. Deaconess Manor Association***, 927 S.W.2d 395, 400-03 (Mo. App. 1996) (contract provision that "[n]either party to the Contract shall assign the Contract or sublet it as a whole without the consent of the other, nor shall the Contractor assign any money due or to become due to him hereunder, without the previous written consent of the Owner" did not bar assignment of post-performance cause of action for breach of the contract) (emphasis omitted); ***Berschauer/Phillips Construction Co. v. Seattle School District***, 881 P.2d 986, 993-94 (Wash. 1994) (anti-assignment clause that "[n]either the Owner nor the Architect shall assign, sublet or transfer any interest in this Agreement without the written consent of the other" did not bar owner's post-performance assignment to general contractor of its cause of action against architect for breach of contract); ***Ford v. Robertson***, 739 S.W.2d 3, 4-5 (Tenn. App. 1987) (provision in architect's contract that "[n]either the Owner nor the Architect shall assign, sublet or transfer any interest in this Agreement without the written consent of the other" did not bar post-performance assignment of owner's claim for damages for breach of contract); ***Cordis Corp. v. Sonics International, Inc.***, 427 So.2d 782 (Fla. App. 1983) (contract provision that "[t]he rights of Distributor [Mexcor], hereunder shall not be assigned or transferred, either voluntarily or by operation of law, without [Sonics International's] written consent, nor shall the duties of Distributor hereunder be delegated in whole or in part" and that

"[a]ny such assignment, transfer or delegation shall be of no force or effect" did not invalidate assignment of accrued cause of action for unpaid commissions) (brackets in original); ***Fuller v. Favorite Theaters Co.***, 230 P.2d 335, 336 (Utah 1951) (provision that "[t]his license shall not be assigned by either party without the written consent of the other" did not bar assignment of cause of action for breach of contract).

The courts in these jurisdictions have persuasively explained that the purpose of a general anti-assignment clause is to prevent a party from assigning its performance of the contract to a third-party without the consent of the other party and that assignment of a claim for damages is entirely different from assignment of performance and does not implicate the purpose of the anti-assignment clause. ***See, e.g., Omicron Safety & Risk Technologies, Inc. v. UChicago Argonne, LLC***, 181 F. Supp. 3d 508, 511 (N.D. Ill. 2015) ( "The logic behind this rule is that it should make no difference to [the other party to the contract] whether [the party with whom it contracted] or an assignee sues to recover money allegedly owed under a fully performed contract"); ***Folgers Architects Ltd.***, 633 N.W.2d at 126 ("the intent of the provision against assignment of rights under a contract, which generally is to allow the parties to choose with whom they contract, is not affected by allowing an assignment of a right to collect damages for breach of contract"); ***Korte Construction Co.***, 927 S.W.2d at 403 (holding that "the prohibition in the contract against assignment of the contract without the

consent of the other party does not bar assignment of causes of action accruing from breach of the contract" because "contract rights are distinct from causes of action which accrue from the violation of such rights"); ***Ford***, 739 S.W.2d at 5 (holding that "[t]he law draws a distinction between the right to assign performance under a contract and the right to receive damages for its breach" and that therefore the anti-assignment clause's "'any interest' language must be construed to mean any interest in the performance of the **executory** contract")(emphasis in original).

In addition, consistent with these decisions, Section 322 of the Restatement (Second) of Contracts states:

> (1) **Unless the circumstances indicate the contrary, a contract term prohibiting assignment of "the contract" bars only the delegation to an assignee of the performance by the assignor of a duty or condition**.
>
> (2) A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested,
>
> (a) does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation;
>
> (b) gives the obligor a right to damages for breach of the terms forbidding assignment but does not render the assignment ineffective;
>
> (c) is for the benefit of the obligor, and does not prevent the assignee from acquiring rights against the assignor or the obligor from discharging his duty as if there were no such prohibition.

Restatement (Second) of Contracts § 322 (emphasis added).[3]

We find the above decisions and the Restatement (Second) of Contracts § 322 persuasive and hold that under Pennsylvania law a contractual clause that prohibits only assignment of the contract or assignment of the agreement does not bar assignment of a post-performance claim for damages.

The trial court therefore erred in finding that the assignment here was barred by the anti-assignment clause in the contract between School District and Architect. That anti-assignment clause prohibited only assignment of "this Agreement" and the School District's assignment to Nello did not assign or delegate any of School District's duties or performance, was made after the contract was fully performed, and was an assignment of the right to damages for Architect's breach of contract.

There is, moreover, no other language in the Architect's contract with School District that shows an intent to prohibit assignment of claims for damages. The language permitting assignment to an institutional lender refers to assignment by School District of its obligations under the contract and therefore is consistent with an intent to bar only delegation of the assignor's performance. Complaint Ex. A at 11, Article 9.5 (providing that if School District assigns the contract to an institutional lender, "the lender shall

---

[3] Architect is correct that Pennsylvania courts have not previously adopted (Second) of Contracts § 322. Our courts, however, have also not rejected it. *Chiropractic Nutritional Associates, Inc.* briefly referred to Section 322, but did so in interpreting federal law. 669 A.2d at 980 n.7.

assume [School District's] rights and obligations under this Agreement"). The language of Article 9.7 of the contract providing that "[n]othing contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either [School District] or Architect," *id.* Article 9.7, shows an intent to restrict claims by third parties asserting their own rights, not an intent to limit Architect's or School District's assignment of causes of action they may have against each other under the Contract. The complaint in this action asserts only School District's claims against Architect, not Nello's claim for its own damages.

Architect argues that the anti-assignment clause here must be held to bar assignment of School District's breach of contract claim to prevent duplicative recovery because Nello has filed a separate action against Architect in its own right. Appellee's Brief at 15. The damages sought in the two actions, however, are not the same. Nello's claim under the assignment is for damages suffered by School District, not for the damages that it suffered, and the damages that it seeks in the other action are its own damages. While some damages claims could overlap, the risk of duplicative recovery is not created by the assignment, as that risk would exist if School District brought its own action for damages rather than assigning the cause of action. Prevention of duplicative recovery is more appropriately achieved by consolidation or coordination of the actions, which Architect had apparently

sought before its preliminary objection was sustained. *See* Plaintiff's Brief in Opposition to Architect's Preliminary Objections at 8 n.3.

Because the trial court erred in concluding that the anti-assignment clause in the contract between School District and Architect barred School District's assignment of its breach of contract claim to Nello, we reverse the trial court's order sustaining Architect's preliminary objection and remand this case for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021